Filed 11/27/13  P. v. Samuel CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055861 |
| v. | (Super.Ct.No. RIF1100877) |
| SAVIOUR SAMUEL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Affirmed.

Sylvia Whatley Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ronald A. Jakob, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Saviour Samuel guilty of one count of corporal injury resulting in a traumatic condition (Pen. Code, § 273.5, subd. (a), count

1

1),[1] and three counts of assault with means of force likely to produce great bodily injury (GBI) (§ 245, subd. (a)(1), counts 2, 4 & 5).[2] The jury also found true that defendant personally inflicted great bodily injury (§ 12022.7, subd. (e)) in the commission of counts 1 and 2. Defendant was sentenced to a total term of five years in state prison with credit for time served. Defendant's sole contention on appeal is that the trial court abused its discretion when it found the case was not unusual for a grant of probation. We reject this contention and affirm the judgment.

I

FACTUAL BACKGROUND

In October 2010, defendant lived in an apartment with Jane Doe and her son Shaun. Jane described that she and defendant were in a "boyfriend/girlfriend" type of intimate relationship. Defendant and Jane shared a bedroom, and Shaun had his own room. Around April 2011, Jane's daughter, Shana, stayed at the apartment for a couple of weeks.

On April 7, 2011, Jane suspected defendant was cheating on her. She was upset and felt betrayed and hurt. Deciding that she wanted defendant out of her home, Jane, with the assistance of her daughter, began packing defendant's belongings and piling them at the top of a staircase outside the front door of her apartment.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The trial court dismissed counts 3 (assault with a deadly weapon, § 245, subd. (a)(1)) and 6 (making a criminal threat, § 422)) pursuant to section 1118.1.

Shaun's girlfriend was on her way to the apartment when she saw defendant arrive. Defendant entered the apartment and asked Jane what she was doing with his belongings. Jane said that she did not want him there anymore. Defendant grabbed Jane, repeatedly punched her, and dragged her to the floor. Defendant continued to punch, kick, and stomp on Jane as she lay on the floor.

Shana, who was in the bathroom at the time defendant entered, went into the living room and saw defendant standing over her mother. Defendant was upset and asked Shana if she had touched his belongings. Before she could reply, defendant charged at Shana and punched her in the upper torso hard, causing her to fall on the floor. He then continuously kicked Shana in the head while she attempted to protect her head with her hands. When defendant stopped kicking Shana, she ran outside, crying for help.

Meanwhile, defendant went back to Jane and began to repeatedly punch and kick her while she lay on the floor. Jane tried to get up and leave the apartment, but defendant grabbed her and pulled her back inside. He then continued to pummel her. Several neighbors witnessed defendant's assault on Jane and her children.

Shaun's girlfriend ran to where Shaun was waiting in the car and called the police. Shana also called 911, as did several neighbors who heard Shana screaming for help and witnessed the incident. Defendant was enraged and screamed, "'I don't care if I go to jail.'"

When Shana returned to the apartment, defendant charged at her again and punched her in the chest area a second time. She was again knocked onto her back,

landing on the ground outside. Defendant then punched Shana numerous times in the face.

After his girlfriend told Shaun what she had seen, Shaun got out of the car and ran to the apartment. He saw his mother lying motionless on the floor. Defendant blocked the doorway and threatened to "blast" Shaun. Shaun eventually entered the apartment and went into his bedroom to retrieve a baseball bat to defend himself and his family. Defendant followed him and struck Shaun in the face, causing Shaun's face to hit a wall. Defendant then punched Shaun in the side of his body with a closed fist a few times while Shaun tried to protect his face. Defendant picked up a Samurai sword Shaun kept in his room, and the two wrestled over it. When defendant gained control over the sword, Shaun kicked defendant in the chest and was able to run from the room.

As Shaun and Shana helped their mother leave the apartment, defendant kicked Shaun in the head, causing him to almost fall down the stairs. Defendant went back inside the apartment, yelling and breaking things.

Riverside Police Officer Shawn Degruy responded to the scene and saw Jane sitting on the stairs disoriented and crying hysterically. He also noticed bruising on Jane's face, thigh, and back, and a lump on her forehead. The officer did not notice any boxes or suitcases sitting outside the apartment. Defendant calmly walked downstairs and the officer detained him. Defendant said that he was not hurt and did not have any visible injuries. The officer found the sword hidden under a bed.

4

Defendant was a professional bodybuilder and weighed approximately 226 pounds. Jane weighed 136 pounds; her son 120 or 130 pounds; and her daughter 140 pounds.

Jane was transported to the hospital by an ambulance. She suffered bruising, swelling, and redness on her forehead, cheek, shoulder, back, elbow, forearm, hand, thigh, buttocks, and behind one of her ears. She also had cuts on her lip and inside her mouth. None of the injuries were permanent, but the bruises lasted about three weeks. Shaun suffered a cut lip, abrasions on his face, and redness around his ribcage area. Shana suffered pain in her ribs as well as headaches. She explained feeling a lot of pain for a couple of days after the incident when breathing.

Defendant denied being in an intimate relationship with Jane, and claimed that Jane was angry at him because he had refused her affections. He also denied hitting Jane. He asserted that he knew how to control his temper and that he never lost his temper, even with his ex-wife. He asserted that the injuries on the victims and damage caused in the apartment and to Jane's eyeglasses were caused by Shana and Shaun when they tried to assault him. He explained that Shana approached him with a baseball bat; and when she tried to hit him with it, he ducked, and the bat struck various items in the apartment, as well as Jane's eyeglasses.[3] He further stated that Shaun tripped while holding the sword, causing him to hit his head or face on a wall and knocking Jane into a wall.

---

[3] Prior to the attack, Jane was wearing eyeglasses. The eyeglasses were later found with a bent and broken frame and missing lens.

In rebuttal, defendant's ex-wife testified that on July 11, 2010, she and defendant had an argument. In the presence of her three children, defendant told her that she did not "know him very well" and that "he would chop [her] head off in pieces." He also said that they "wouldn't be there the next morning," and that they "were going to be in the newspaper." Defendant's wife was scared, grabbed her children, and reported the incident to the police. Defendant was arrested.

II

DISCUSSION

Defendant contends that the trial court abused its discretion in failing to find unusual circumstances that would have allowed the trial court to grant probation notwithstanding the jury's finding of great bodily injury. He further argues that a remand for resentencing is necessary because he is a suitable candidate for probation. The People respond that defendant forfeited his claim by not objecting below; and, in the alternative, claim defendant's contention is unmeritorious.

A.  *Additional Background*

The probation officer's report stated: "Pursuant to the provisions of Penal Code Section 1203[, subdivision] (e)(3), the defendant is ineligible for a grant of probation unless an unusual case can be found, in that the defendant willfully inflicted great bodily injury or torture in the perpetration of the crime of which he[] has been convicted." The probation officer's report further noted that, "[a] review of the facts or circumstances demonstrating the existence of an unusual case, does not indicate this is an unusual case in that no criteria of the Judicial Council Rules fully apply." The probation officer,

6

however, stated: "The defendant's upbringing appears to have been stable and nurturing, and his academic history is commendable. The support he provides his mother displays his loyalty to family. The defendant has maintained a means to support himself, whether through scholarships or his sport, in which he has been quite successful. He has not sustained any convictions prior to this offense. These factors suggest he has the ability to comply with a grant of probation. [¶] Although this case seems out of character for the defendant, his actions were disturbing nonetheless. The defendant has been lifting weights and bodybuilding since he was a teenager. Knowing how intimidating, frightening and dangerous he could be, given his size and strength, he used these characteristics in an attempt to get what he wanted. By showing no hesitation to assault three victims, the defendant presents himself as a serious danger to the community. This situation occurred inside and out of the apartment, and apparently he was not concerned with being observed by witnesses."

The probation officer recommended a midterm sentence. The report balanced two factors in aggravation; level of violence (Cal. Rules of Court, rule 4.421(a)(1))[4] and danger to society (rule 4.421(b)(1)), and one factor in mitigation, no prior record or insignificant record (rule 4.423(b)(1)).

At the commencement of the sentencing hearing, the trial court stated: "I have a probation officer's report. I have a letter that [defendant] wrote and a letter that the

---

[4] Further rule references are to the California Rules of Court.

victim wrote, and I've read all those things. [¶] . . . just to point out some of the things that are in the probation officer's report, before I hear from the various parties, [] pursuant to 1203(b)(3) of the Penal Code, he's ineligible for a grant of probation unless an unusual case can be found since there was GBI involved. Nothing comes to my mind or to the probation officer's mind that would create this unusual case. [¶] So it looks like it's going to be a state prison case because of the 12022.7."

The prosecutor indicated that she agreed with the probation officer's recommendation and read a letter from Jane. Defendant's trial counsel requested that defendant be placed on probation, pointing out that defendant was "37 years old now and has never had a previous criminal contact or criminal record." Defense counsel also noted that defendant was working as a fitness trainer when the incident occurred; that he was a bodybuilder at the time; and that the victims' injuries were only bruises and not as serious as other cases involving great bodily injury in these types of cases.

Defense counsel further argued that if the court was to deny probation, a low term was warranted in this case. The trial court agreed that a low term was reasonable in this case and sentenced defendant to a total term of five years in state prison.

B.     *Forfeiture*

In *People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*), our Supreme Court held that a party who does not object to a trial court's "failure to properly make or articulate its discretionary sentencing choices," forfeits the right to raise the claim on appeal. The *Scott* court reasoned: "The requirement [of an objection in the trial court] encourages the careful exercise of discretion and decreases the risk of error. In the event ambiguities,

8

errors, or omissions appear in the court's reasoning, the parties can seek an immediate clarification or change." (*Id*. at p. 351.)

The probation officer's report stated that defendant is ineligible for a grant of probation unless an unusual case can be found pursuant to section 1203, subdivision (e)(3). The probation officer's report did not list or assess any factors under rules 4.413 and 4.414, although the probation officer alluded to some of these factors in the probation officer's statement. At the sentencing hearing, defendant's trial counsel argued for a grant of probation based on defendant's lack of criminal record and gainful employment at the time of the incident. As such, we decline to find defendant forfeited his claim that the trial court abused its discretion in concluding this case was not an unusual case for a grant of probation.

However, to the extent defendant argues that the trial court concluded there were no unusual circumstances for a grant of probation "without analysis of the criteria in rule 4.413(c)," we agree with the People that defendant forfeited this assertion. Defendant could have objected at the time of sentencing to the trial court's "failure to properly make or articulate its discretionary sentencing choices." (*Scott*, *supra*, 9 Cal.4th at p. 353.)

C.    *Unusualness and Probation*

Defendant contends that the trial court abused its discretion by failing to find his case unusual and grant him probation. In particular, he asserts the trial court should have found his case to be unusual under rule 4.413(c).

Section 1203, subdivision (e), prohibits a grant of probation to defendants who have been convicted under certain circumstances, "[e]xcept in unusual cases where the

9

interests of justice would best be served if the person is granted probation." One such circumstance is when a defendant inflicts great bodily injury in the commission of an offense. (§ 1203, subd. (e)(3).) Here, under section 1203, subdivision (e)(3), defendant was presumptively ineligible for probation. When a defendant is presumptively ineligible for probation, the trial court is required to use the criteria set forth in rule 4.413 to determine whether the presumption is overcome and the interests of justice would be served by a grant of probation. (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 830 (*Du*).)

Under rule 4.413, facts that may indicate an unusual case include: (1) the circumstance giving rise to the limitation on probation is substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes; (2) the defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense; (3) the crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and (4) the defendant is youthful and has no significant record of prior criminal offenses.

Courts must construe "unusual cases" and "interests of justice" narrowly so that the statutory limitations on probation have substantial scope and effect. (*People v. Superior Court* (*Dorsey*) (1996) 50 Cal.App.4th 1216, 1229 (*Dorsey*) [Fourth Dist.,

Div. Two].)  Thus, unusual cases are limited to those matters in which the crime is either atypical or the offender's moral blameworthiness is reduced.  (*Ibid*.)  A trial court is not required to find a case unusual even if one or more of the criteria are met.  Rather, the language of rule 4.413 is permissive in nature.  (*People v. Stuart* (2007) 156 Cal.App.4th 165, 187.)

"The standard for reviewing a trial court's finding that a case may or may not be unusual is abuse of discretion.  [Citations.]"  (*Du*, *supra*, 5 Cal.App.4th at p. 831.)  The decision to grant or deny probation also rests within the broad discretion of the trial court, and such discretionary decisions will not be disturbed on appeal except "on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice."  (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)  Defendant bears a heavy burden when attempting to show an abuse of discretion.  (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.)  "'In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'  [Citation.]"  (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

Citing to cases wherein the victims suffered greater injuries than suffered by Jane, defendant argues that the great bodily injury in this case is "'substantially less serious'" than other cases involving great bodily injury.  Defendant also contends he does not have any record of committing similar crimes of violence.  While Jane's injuries here may be less serious than those inflicted in other domestic violence or assault cases where a victim

11

is beaten until the bones break or the victim suffers bleeding or scarring, we do not agree that extensive bruising all over Jane's body, as well as lacerations on the lip and mouth, is substantially less serious than any other infliction of great bodily injury during a case of domestic violence or assault. (See *Dorsey*, *supra*, 50 Cal.App.4th at p. 1229 [unusual cases must be narrowly construed].) Moreover, the record shows that defendant had a recent record of committing a similar crime of violence. He had made criminal threats against his ex-wife in the presence of children less than a year prior to his violent assaults on Jane and her children. Although no criminal charges were filed in that case, defendant was nonetheless arrested in connection with his threats against his ex-wife.

Defendant also contends the trial court should have found this was an unusual case in which the interests of justice would be served by a grant of probation because he committed the offense under duress or provocation not amounting to a defense, his mental condition, his age (under 40), his support of his mother and stable upbringing, and his lack of a significant criminal record.

We acknowledge that defendant can be characterized as being relatively young; that he presumably had a stable upbringing and supported his mother; and that he does not have a significant record of prior criminal offenses. However, these factors are insufficient in this case to overturn the trial court's finding that this was not an unusual case.

Defendant repeatedly attacked Jane and her children without duress or "great" provocation by any one of them. The record shows that although defendant may have been upset or enraged at seeing his belongings outside the apartment, this can hardly be

12

characterized as "great" provocation or being under duress so as to justify defendant's continual attack on Jane and her children. Moreover, defendant testified that he knew how to control his temper and that he never lost his temper, even with his ex-wife. In addition, there is no evidence in the record to support defendant's claim that he was suffering from a mental condition causing him to commit the instant offenses. In fact, defendant's mental health was characterized as "[g]ood." Furthermore, defendant had no substance abuse problems that could have contributed to his commission of the offenses or that required any type of treatment. The record supports a finding that defendant did not commit the crimes under circumstances of duress or great provocation by the victims or that he suffers from a mental condition that caused him to commit the instant offenses.

The trial court here properly exercised its discretion in finding that the presumption against probation eligibility should not be overridden. The trial court was aware of the factors before it; defendant's trial counsel argued in favor of probation, and the probation officer's statement noted factors both for and against a grant of probation. Because exceptions for unusual cases are to be narrowly construed, and because the record reflects the trial court was aware of the analytical factors before it, we hold that the trial court did not abuse its discretion in determining defendant's case was not unusual.

Even if defendant's arguments had merit, rule 4.413(c) did not require the trial court to find this was an unusual case. As previously noted, the finding of an unusual case is within the trial court's discretion, even when the relevant criteria are met, and defendant bears a heavy burden when attempting to show an abuse of discretion.

13

Defendant has not provided relevant authority or facts to support his claim that his case is unusual or that the court's sentence was arbitrary or capricious.

Because we are satisfied that the trial court did not abuse its discretion under rule 4.413, we need not consider defendant's arguments pertaining to rule 4.414.[5]

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

CODRINGTON
J.

---

[5] We note that rule 4.413 contemplates a two-step process where the court must first evaluate the factors set forth in rule 4.413(c) and determine whether there are unusual circumstances to overcome the statutory limitation on probation. If the court makes that determination, then it must still consider the factors set forth in rule 4.414 to determine if probation should be granted or denied. (Rule 4.413(b); *Dorsey*, *supra*, 50 Cal.App.4th at p. 1229; *Du*, *supra*, 5 Cal.App.4th at p. 830.) Where, as here, the court finds that the case was not unusual under rule 4.413, it has no authority to grant probation.