[No. G021616. Fourth Dist., Div. Three. June 25, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY JOEL AUBREY, Defendant and Appellant.

**COUNSEL**

Patricia A. Andreoni, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and David Delgado-Rucci, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WALLIN, Acting P. J.**—In this case we consider whether the imposition of a Penal Code section 667, subdivision (a)[1] enhancement for a prior serious felony conviction deprives a trial court of its discretion to grant probation to a defendant who is otherwise eligible for probation. We conclude it does not and reverse.

Timothy Joel Aubrey pleaded guilty to first degree burglary after he entered a garage attached to a residence with the intent to steal.[2] He admitted a 1979 conviction for attempted robbery, making this his second strike under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12), which was also a prior serious felony conviction for the purposes of section 667, subdivision (a)(1).[3] The trial court exercised its discretion pursuant to section 1385, subdivision (a) and struck the prior serious felony conviction for the purposes of the Three Strikes law. (*People* v. *Superior Court* (*Romero*) (1996)

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] We had previously remanded the matter to the trial court for resentencing. (*People* v. *Aubrey* (Oct. 28, 1996) G017925 [nonpub. opn.].)

[3] Section 667, subdivision (a)(1) provides, "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by

13 Cal.4th 497, 530, fn. 13 [53 Cal.Rptr.2d 789, 917 P.2d 628].) It sentenced Aubrey to the low term of two years and imposed the five-year prior serious felony conviction enhancement. It denied Aubrey's request that he be placed on probation. Although the court indicated it was otherwise inclined to grant probation, it believed it lacked the discretion to do so: "The Court is of the opinion that upon conviction of a new felony [] the mandatory provisions of [section 667, subdivision (a)] attach and require the five year sentence."

■  Aubrey contends the trial court did have discretion to consider placing him on probation. We agree.

■  The grant or denial of probation is within the trial court's discretion and the defendant bears a heavy burden when attempting to show an abuse of that discretion. (*People* v. *Marquez* (1983) 143 Cal.App.3d 797, 803 [192 Cal.Rptr. 193].) "However, an erroneous understanding by the trial court of its discretionary power is not a true exercise of discretion." (*Ibid.*)

" '[P]robation' means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer." (§ 1203, subd. (a).) ■  All defendants are eligible for probation, in the discretion · of the sentencing court (*People* v. *Phillips* (1977) 76 Cal.App.3d 207, 213 [142 Cal.Rptr. 658]), unless a statute provides otherwise. Some statutes provide ineligibility is mandatory, while others provide a defendant is ineligible except in unusual cases where the interests of justice would best be served. (E.g., compare § 1203, subd. (k) with § 1203, subd. (e).) Section 462, subdivision (a) contains a *discretionary* prohibition against probation for defendants who are convicted of residential burglary: "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any person who is convicted of a burglary of an inhabited dwelling house . . . ."

■  Since Aubrey pleaded guilty to residential burglary, the sentencing court had discretion to grant probation, if it found this to be an unusual case, unless another statute precluded probation. Aubrey also admitted he had a prior serious felony conviction under section 667, subdivision (a)(1) subjecting him to a mandatory five-year enhancement. Section 1385, subdivision (b) provides a court may not "strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." The Attorney General argues because the enhancement is mandatory, and the court may

---

the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

not avoid imposing it by striking the prior conviction, the court may not grant probation to any defendant who is subject to a section 667, subdivision (a)(1) enhancement.

There is support for the Attorney General's position. In *People* v. *Winslow* (1995) 40 Cal.App.4th 680 [46 Cal.Rptr.2d 901], the defendant was convicted of residential burglary, and allegations that he had two prior felony convictions resulting in prison terms (§ 667.5, subd. (b)) and a prior serious felony conviction (§ 667, subd. (a)(1) [a Nevada conviction for assault with a deadly weapon]) were found true. (*People* v. *Winslow*, *supra*, 40 Cal.App.4th at p. 685.) The appellate court rejected his complaint that the trial court mistakenly believed it was without power to grant probation. The court noted that under section 462 probation was precluded " '[e]xcept in unusual cases where the interests of justice would best be served . . . .' (§ 462, subd. (a).) Here, [defendant] was not eligible for probation even if the case was 'unusual.' The sentencing court was required to impose a consecutive five-year prison term for the prior 'serious felony.' (§§ 667, subd. (a)(1), 1385, subd. (b); [citations].) While a first time residential burglar may be eligible for probation if the case is 'unusual,' a defendant convicted of residential burglary who is found to have suffered a prior 'serious felony' must be sentenced to state prison. Any other disposition would do violence to the letter and spirit of section 667, subdivision (a)(1)." (40 Cal.App.4th at pp. 689-690.)

But we disagree with *Winslow*. None of the cases it relies upon concerns whether probation can be granted to a defendant who is subject to a section 667, subdivision (a) enhancement. (See *People* v. *Shirley* (1993) 18 Cal.App.4th 40 [22 Cal.Rptr.2d 340]; *People* v. *Goodner* (1992) 7 Cal.App.4th 1324 [9 Cal.Rptr.2d 543]; *People* v. *Gonzales* (1990) 220 Cal.App.3d 134 [269 Cal.Rptr. 221]; *People* v. *Valencia* (1989) 207 Cal.App.3d 1042 [255 Cal.Rptr. 180].) Furthermore, *Winslow*'s brief analysis of the issue is premised upon an erroneous assumption that section 1385, subdivision (b)'s prohibition against "striking" a prior necessarily includes prohibition against a stay of the enhancement sentence which would occur incident to a grant of probation. We decline to interpret the statute in such a way when on its face it reads differently.

■ Courts will not interpret away clear language in a statute in favor of an ambiguity that does not exist. (*People* v. *Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) ■ There is nothing ambiguous or unclear about section 1385, subdivision (b). It prohibits "striking" an allegation of a prior for the purposes of section 667, subdivision (a) enhancement. It says nothing about a prohibition against a grant of probation to a

defendant subject to the enhancement, even though a grant of probation would result in a stay.

■ There is a fundamental difference between striking and staying a prior; the difference is not merely linguistic. (*People* v. *Calhoun* (1983) 141 Cal.App.3d 117, 126 [190 Cal.Rptr. 115].) Striking an enhancement is tantamount to dismissing it. (*People* v. *Vergara* (1991) 230 Cal.App.3d 1564, 1568 [282 Cal.Rptr. 90].) By contrast, " 'A stay is a temporary suspension of a procedure in a case until the happening of a defined contingency.' " (*Ibid.*; see also *People* v. *Eberhardt* (1986) 186 Cal.App.3d 1112, 1123 [231 Cal.Rptr. 387].) A classic use of a stay "occurs where the sentencing court imposes a felony prison sentence but stays or suspends the execution of the sentence as part of a grant of probation. If the probation is violated, the stay can be lifted and the defendant ordered to serve the sentence imposed." (*People* v. *Santana* (1986) 182 Cal.App.3d 185, 190, fn. 5 [227 Cal.Rptr. 51].) We recognize that often the distinction between the terms "may vanish in actual application." (*People* v. *Vergara, supra,* at p. 1568.) For example, in *Vergara,* when the trial court permanently stayed sentence enhancements on condition that the base term be served, the Court of Appeal held the stay of the enhancement was "pragmatically identical to 'striking' it" and therefore should be treated similarly. (*Id.* at p. 1569.) But a stay of a sentence which is part of a grant of probation is not the functional equivalent of striking or dismissing the enhancement. The term is imposed; and if the defendant violates probation, he must serve that sentence.

■ Had the Legislature intended to automatically preclude probation for all defendants who are subject to the section 667, subdivision (a) enhancement, it certainly could have said so when it enacted section 1385, subdivision (b) in 1986.[4] It did not. The Attorney General has cited no authority, other than *Winslow,* in which the complete abrogation of a sentencing court's traditional discretion in this regard has been *inferred.*

Our criminal statutes are replete with instances in which the intention for prohibit probation is expressly declared. For example, in the context of another enhancement statute, section 12022.53, which provides for a 10-year enhancement to the term of any person convicted of specified violent crimes who uses a firearm, the Legislature expressly stated not only that the court cannot use its power under section 1385 to strike the gun use allegation, but "[n]otwithstanding any other provision of law, probation shall not be granted

---

[4]The Legislature added the provision to negate the holding of our Supreme Court in *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833] that a trial court had discretion to strike a prior felony conviction for the purposes of section 667, subdivision (a). (Stats. 1986, ch. 85, § 3, pp. 211-212.)

to, nor shall the execution or imposition of sentence be suspended for, any person found to come within the provisions of this section." (§ 12022.53, subds. (g) & (h).) Similarly, the Three Strikes law specifically provides that if a defendant is subject to sentencing under it, "[p]robation for the current offense shall not be granted, nor shall execution of or imposition of the sentence be suspended for any prior offense." (§§ 667, subd. (c)(2), 1170.12, subd. (a)(2).)[5] The Legislature knows how to expressly preclude the possibility of probation, but it did not do so here. We will not infer such an infringement on the trial court's discretionary powers.

Also significant to our analysis is section 1203.08, subdivision (a) which provides, "Notwithstanding any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any adult person convicted of a designated felony who has been previously convicted as an adult [of two or more designated felonies in a 10-year period]." All of the "designated felonies" in section 1203.08, which include murder, voluntary manslaughter, kidnapping, robbery, carjacking, assault with a deadly weapon, committing a lewd act on a child, rape and residential burglary, qualify as "serious felonies" under section 667, subd. (a). (See §§ 667, subd. (a)(4), 1192.7.) To interpret section 1385, subdivision (b) as requiring that *all* defendants subject to a section 667, subdivision (a) enhancement are ineligible for probation would render useless section 1203.08 which *expressly* prohibits probation to defendants who already stand convicted of two or more of the designated serious felonies in a ten-year period. An interpretation of a statute that renders related "provisions nugatory must be avoided . . . ." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

In conclusion, we hold section 1385, subdivision (b)'s prohibition against striking a section 667, subdivision (a) prior serious felony conviction does not preclude granting probation to a defendant who is otherwise eligible for probation. Section 462, subdivision (a) gives the trial court discretion to grant probation to Aubrey if it deems this an "unusual case." The trial court

---

[5]Other examples include section 1203, subdivision (k) ("Probation shall not be granted to, nor shall the execution of, or imposition of sentence be suspended for, any person who is convicted of [a violent or serious felony], and who was on probation for a felony offense [when the current offense was committed]"); section 1203.06, subdivision (a) ("Probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons . . . ."); section 1203.065 and section 1203.066 ("Notwithstanding any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person who is convicted [of specified sex offenses]"); section 1203.07 ("Notwithstanding Section 1203, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for [persons convicted of specified drug offenses]."). (See also §§ 550, subd. (d), 1203.044, subd. (b), 1203.055, subd. (c), 1203.075, subd. (a), 1203.085, subd. (a), 1203.09, subd. (a), 12311; Health & Saf. Code, § 11370.)

indicated that it might find this to be an unusual case. On the record we have before us, we cannot say such a finding would be an abuse of discretion.

The judgment is reversed. The matter is remanded to the trial court for resentencing in accordance with this opinion.

Crosby, J., and Sonenshine, J., concurred.