Filed 5/1/13  P. v. Coulter CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C069813 |
| v. | (Super. Ct. No. NCR79256) |
| SANDRA LEE COULTER, | |
| Defendant and Appellant. | |

Defendant Sandra Lee Coulter pled guilty to two counts of first degree burglary (Pen. Code, § 459 -- counts 1, 10)[1] in exchange for the dismissal of eight other criminal counts and was sentenced to serve concurrent terms of four years for each conviction in

---

[1]    Undesignated statutory references are to the Penal Code.

state prison.  On appeal, defendant contends the trial court abused its discretion in finding her ineligible for probation.  We reject the contention and affirm the judgment.

FACTS

### Count 1

On May 12, 2010, the victim and her son left their residence in the morning. When they returned that evening, their home had been broken into and several items had been stolen.

The following day, defendant and her codefendant, Chase Reifert, attempted to sell three of the victim's video games to a store in Red Bluff, but the clerk suspected they were stolen and refused to purchase them.  The store's surveillance video showed Reifert trying to make the sale while defendant waited outside.  Defendant later admitted having taken part in the burglary with Reifert.

### Count 10

On May 14, 2010, about 6:00 a.m., the victim was in his residence when he was awakened by a loud noise.  He saw a pickup leaving and called the sheriff's department. Investigation revealed a broken garage window and the odor of gasoline in the garage.  A deputy saw a pickup matching the victim's description and stopped it.  The pickup was driven by Reifert and defendant was the passenger.  The pickup contained property stolen from the victims in counts 1 and 10, along with other stolen property.  Reifert admitted breaking into the victim's garage to get gasoline to drive to Corning, California. Defendant admitted going into the victim's residence and looking for items while Reifert was stealing gasoline.  She also admitted participating in the burglary charged in count 1.

DISCUSSION

Because defendant was convicted of first degree burglary, she was statutorily ineligible for probation unless the court found her case was unusual.  (§ 462, subd. (a).)

2

At defendant's sentencing hearing, the trial court concluded defendant had not shown her case to be unusual.

Defendant contends the trial court abused its discretion by failing to give sufficient weight to her youth, her drug use since the age of 13, and her minimal criminal record. She also argues that the factors found by the trial court in granting codefendant Reifert probation applied equally to her and, therefore, she too should have been granted probation. We reject defendant's contentions.

A trial court has broad discretion to determine whether a defendant is suitable for probation. (*People v. Welch* (1993) 5 Cal.4th 228, 233.) The determination whether a case is unusual is also within the sound discretion of the trial court. (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831.) An appellant bears a heavy burden when attempting to show an abuse of such discretion. (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) To establish abuse, the defendant must show that, under all the circumstances, the denial of probation was arbitrary, capricious, or exceeded the bounds of reason. (*Du, supra*, at p. 831.)

California Rules of Court, rule 4.413(b) and (c),[2] govern the court's consideration of probation where there is a statutory prohibition against probation "except in unusual cases." Where such a statutory prohibition exists, rule 4.413(b) directs the court to evaluate whether the statutory limitation has been overcome by applying criteria in rule 4.413(c). It is only after a defendant establishes his or her case is unusual that the court will then consider granting probation. (Rule 4.413(b).)

According to defendant, there are three factors that are relevant to determining whether defendant's case is unusual: (1) she was youthful; (2) she committed the crimes

---

[2] Undesignated rule references are to the California Rules of Court.

3

because she was addicted to methamphetamine;[3] and (3) she had a minimal record of prior offenses.[4]

Here, the trial court stated it had read and considered the probation officer's report and it had read letters submitted on defendant's behalf as well as defense counsel's statement in mitigation. The court further stated it had considered her youth, her addiction, and her prior record in making its determination that an unusual case had not been shown. We conclude the trial court did not abuse its discretion in finding defendant ineligible for probation.

While we agree defendant was young at the time of sentencing -- 22 years old -- and defendant did not have a significant prior record,[5] she has a history of drug and alcohol abuse and a current addiction to methamphetamine. According to defendant, she began using drugs and alcohol at age 13. She uses "marijuana daily" and drinks alcohol "all the time," combining it with drugs. She has used Vicodin, Seroquel, Soma, and Norco without prescriptions. Over the past few years she has used methamphetamine daily, injecting it into her inner arm. She has sold methamphetamine for the purpose of obtaining some for herself. Defendant admitted being involved in the burglaries because "[i]t was all about getting dope. I wanted to continue getting high." With regard to

---

[3]  Rule 4.413(c)(2)(B):  "The crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation."

[4]  Rule 4.413(c)(2)(C):  "The defendant is youthful or aged, and has no significant record of prior criminal offenses."

[5]  Defendant has misdemeanor convictions in 2009 for possession of a controlled substance, for driving without a license, and for reckless driving.

defendant's prior conviction for possession of methamphetamine, she was granted deferred entry of judgment but did not complete the required class. She was on probation when she committed the instant burglaries. Finally, when Reifert and defendant were stopped, they had in their possession not only property from the victims of the burglaries charged in counts 1 and 10, but also property stolen during other burglaries.

Defendant's record of drug abuse and addiction makes it highly unlikely she would, as required by rule 4.413(c)(2)(B), "respond favorably" to mental health care and treatment, which would be a condition of any grant of probation. We conclude the trial court did not abuse its discretion in determining defendant had not shown her case to be unusual within the meaning of section 462, subdivision (a).

Defendant next argues that since the reasons the trial court found her codefendant's case to be unusual apply equally to her, the trial court should have made the same finding for her. Specifically, both were youthful, both had minimal criminal records, and both equally participated in the burglaries in counts 1 and 10. But, as defendant recognizes, "each sentencing is individualized, and one cannot say that a court's exercise of leniency as to one defendant must be extended to another defendant." A codefendant's sentence is not relevant to determining whether a defendant's sentence is an abuse of discretion. (*People v. Foster* (1988) 201 Cal.App.3d 20, 27 [sentence received by accomplice is not relevant to reviewing appellant's sentence].) Rather, the trial court looks at each defendant individually to determine whether an unusual case is presented to grant probation. As discussed above, there was no abuse of discretion in finding defendant ineligible for probation.

DISPOSITION

The judgment is affirmed.

       HOCH       , J.

We concur:

      BLEASE      , Acting P. J.

      DUARTE      , J.