Filed 8/11/15  People v. Evans CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075750 |
| v. | (Super. Ct. No. CM037664) |
| COLIN EVANS, | |
| Defendant and Appellant. | |

After the complaint was amended to delete the "substantial sexual conduct" language from the charge, defendant Colin Evans entered a plea of no contest to the charge of continuous sexual abuse of a child under the age of 14 years.  (Pen. Code, § 288.5.)[1]

The court denied probation and sentenced defendant to state prison for the upper term of 16 years.

---

[1]     Undesignated statutory references are to the Penal Code.

1

Defendant appeals. He contends the trial court abused its discretion in denying probation. We conclude the trial court did not abuse its discretion and affirm the judgment.

FACTS

On February 19, 2012, the five-year-old victim disclosed that defendant, her stepgrandfather, had been touching her private areas while touching himself, explaining he did so while her grandmother was asleep. Defendant told the victim it was their " 'little secret.' " The victim stayed with defendant 32 to 40 hours a week while the victim's mother was at work. The victim's mother had noticed the victim had been wetting her bed, not sleeping, and destroying and hiding things. The victim's mother asked the victim whether defendant had been touching her and the victim answered affirmatively, pointing to her genital area. The victim's mother told investigators defendant was her stepfather and he had inappropriately touched the victim on at least two prior occasions and was affectionate when drinking.

The victim's mother took the victim to her brother and sister-in-law's house where the sister-in-law asked the victim more questions. The victim said defendant touched her " 'wee-wee' " and he told her to touch his. She said she liked it when he touched her but she did not like touching his " 'wee-wee.' " The victim explained sometimes he shook his " 'wee-wee.' " The incidents occurred in defendant's bed while the victim's grandmother was asleep and had been occurring daily for about a year.

When interviewed by investigators, the victim knew a good touch from a bad touch and did not think defendant's touches were bad, explaining he hugged and kissed her. The interview ended when she became evasive.

When interviewed by a child abuse response team, the victim responded appropriately to questions. She identified the male penis and female vaginal area as " 'wee-wees.' " She explained defendant had touched her vaginal area, putting one finger inside her pants, and she had touched his penis, demonstrating its length. When she

2

touched his penis, her hands became " 'gooey' " from the " 'gooey stuff.' " The victim claimed she was three or four years of age the first time defendant touched her and the most recent time occurred when she was five years old. She was also five years old when she touched his penis.

When contacted, defendant invoked his right to counsel, but stated spontaneously he did not remember doing anything to the victim.

The complaint originally alleged defendant engaged in three or more acts of substantial sexual conduct (§ 1203.066, subd. (b)). The complaint was amended to delete this allegation before defendant entered his plea to the charge of continuous sexual abuse of the victim by engaging in three or more acts of lewd or lascivious conduct as defined in section 288 (§ 288.5).

Prior to sentencing, defendant was examined by Dr. Daisy K. Switzer to determine his fitness for probation pursuant to section 288.1.

The probation officer recommended defendant be sentenced to serve the upper term of 16 years in state prison. In aggravation, the probation officer found defendant had engaged in grooming behavior demonstrating criminal sophistication and if not imprisoned there was a likelihood defendant would pose a danger to other children. Defendant told the probation officer he and his spouse babysat the victim while the victim's mother worked the swing shift. Defendant stated he drank alcohol until he passed out, claiming he consumed a 12-pack of beer and a bottle of wine every night. He also stated, " 'Evidently, I was putting my hands down [the victim's] pants.' " He recalled it occurring only three to five times. He denied ejaculating on her hands, having her touch him, or placing his penis on her vaginal area. The probation report stated defendant was eligible for probation only if the court made the findings under

3

section 1203.067, subdivision (a).[2] The probation officer stated defendant had been evaluated pursuant to section 1203.03, a STATIC 99 (a state authorized risk assessment) had been conducted in September 2013, the victim had been notified about her opportunity to address the trial court concerning sentencing, and a section 288.1 (psychiatric) report had been submitted. In the event the trial court made the findings under section 1203.067, subdivision (a), the probation officer stated probation was not warranted under California Rules of Court, rule 4.414.[3]

---

[2]     Section 1203.067, subdivision (a), provides:

"Notwithstanding any other law, before probation may be granted to any person convicted of a felony specified in Section . . . 288.5 . . . who is eligible for probation, the court shall do all of the following:

"(1)  Order the defendant evaluated pursuant to Section 1203.03, or similar evaluation by the county probation department.

"(2)  Conduct a hearing at the time of sentencing to determine if probation of the defendant would pose a threat to the victim. The victim shall be notified of the hearing by the prosecuting attorney and given an opportunity to address the court.

"(3)  Order any psychiatrist or psychologist appointed pursuant to Section 288.1 to include a consideration of the threat to the victim and the defendant's potential for positive response to treatment in making his or her report to the court. Nothing in this section shall be construed to require the court to order an examination of the victim."

[3]     Undesignated rule references are to the California Rules of Court.

Rule 4.414 provides:

"Criteria affecting the decision to grant or deny probation include facts relating to the crime and facts relating to the defendant.

"(a)  Facts relating to the crime

"Facts relating to the crime, include:

"(1) The nature, seriousness, and circumstances of the crime as compared to other instances of the same crime;

4

"(2) Whether the defendant was armed with or used a weapon;

"(3) The vulnerability of the victim;

"(4) Whether the defendant inflicted physical or emotional injury;

"(5) The degree of monetary loss to the victim;

"(6) Whether the defendant was an active or passive participant;

"(7) Whether the crime was committed because of an unusual circumstance, such as great provocation, which is unlikely to recur;

"(8) Whether the manner in which the crime was carried out demonstrated criminal sophistication or professionalism on the part of the defendant;

"(9) Whether the defendant took advantage of a position of trust or confidence to commit the crime.

"(b) Facts relating to the defendant

"Facts relating to the defendant include:

"(1) Prior record of criminal conduct, whether as an adult or a juvenile, including the recency and frequency of prior crimes; and whether the prior record indicates a pattern of regular or increasingly serious criminal conduct;

"(2) Prior performance on probation or parole and present probation or parole status;

"(3) Willingness to comply with the terms of probation;

"(4) Ability to comply with reasonable terms of probation as indicated by the defendant's age, education, health, mental faculties, history of alcohol or other substance abuse, family background and ties, employment and military service history, and other relevant factors;

"(5) The likely effect of imprisonment on the defendant and his or her dependents;

"(6) The adverse collateral consequences on the defendant's life resulting from the felony conviction;

"(7) Whether the defendant is remorseful;

At sentencing, the trial court stated it had read and considered the probation report, the section 288.1 report, and documents defendant had submitted. The trial court indicated it intended to impose a 16-year state prison sentence and then heard argument from counsel.

Defendant requested probation, noting his advanced age (69 years old), health problems, lack of a prior record, remorse, early acknowledgement of wrongdoing, regular attendance at AA and sex offender therapy (the treatment provider concluded defendant's memory of the molestations had been clouded by his intoxication but he demonstrated a low risk of recidivism), and the support from family members.

In denying probation, the trial court found defendant was statutorily eligible "only in the unusual case pursuant to . . . section 1203.067, subdivision (a)." Considering the criteria in rule 4.413, the trial court denied probation, determining none of the criteria was met.[4] Even if "defendant were not statutorily ineligible for probation," the trial

---

"(8) The likelihood that if not imprisoned the defendant will be a danger to others."

[4] Rule 4.413 provides:

"(a) Consideration of eligibility

"The court must determine whether the defendant is eligible for probation.

"(b) Probation in unusual cases

"If the defendant comes under a statutory provision prohibiting probation 'except in unusual cases where the interests of justice would best be served,' or a substantially equivalent provision, the court should apply the criteria in (c) to evaluate whether the statutory limitation on probation is overcome; and if it is, the court should then apply the criteria in rule 4.414 to decide whether to grant probation.

"(c) Facts showing unusual case

"The following facts may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate:

6

court stated it would deny probation: "The nature, seriousness, and circumstances of this case; the manner in which the crime was carried out demonstrated criminal sophistication."

## DISCUSSION

"The grant or denial of probation is within the trial court's discretion and the defendant bears a heavy burden when attempting to show an abuse of that discretion."

---

"(1) A fact or circumstance indicating that the basis for the statutory limitation on probation, although technically present, is not fully applicable to the case, including:

"(A) Facts relating to basis for limitation on probation

"The fact or circumstance giving rise to the limitation on probation is, in this case, substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence; and

"(B) The current offense is less serious than a prior felony conviction that is the cause of the limitation on probation, and the defendant has been free from incarceration and serious violation of the law for a substantial time before the current offense.

"(2) Facts limiting defendant's culpability

"A fact or circumstance not amounting to a defense, but reducing the defendant's culpability for the offense, including:

"(A) The defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing crimes of violence;

"(B) The crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and

"(C) The defendant is youthful or aged, and has no significant record of prior criminal offenses."

(*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.)  A defendant must demonstrate the sentencing decision was irrational or arbitrary.  In the absence of a showing a sentencing choice was irrational or arbitrary, " ' "the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)  We do not reverse " ' "merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.]  Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

Defendant contends the trial court's denial of probation was an abuse of discretion.  He argues the trial court incorrectly found he was presumptively ineligible for probation and that based on this incorrect assumption, the trial court then erroneously analyzed the criteria in rule 4.413.  Defendant argues the court failed to properly consider all of the facts and circumstances of the case including the psychiatric evaluation and the sex offender therapy progress report.

Defendant did not have a prior felony conviction so an unusual case finding was not required in order to grant probation.  (§ 1203, subd. (e)(5).)  As originally charged, and if proven, defendant would have been statutorily ineligible for probation.  (§ 1203.066, subd. (a)(8) [substantial sexual conduct].)  Defendant entered a plea to section 288.5 after the substantial sexual conduct language was deleted.  Thus, defendant

fell under section 1203.066, subdivision (d)(1), which allowed the trial court to grant probation only if certain conditions were met.[5]

---

[5]    Section 1203.066, subdivision (d), provides:

"(d)(1)  If a person is convicted of a violation of Section 288 or 288.5, and the factors listed in subdivision (a) [that preclude probation] are not pled or proven, probation may be granted only if the following terms and conditions are met:

"(A)  If the defendant is a member of the victim's household, the court finds that probation is in the best interest of the child victim.

"(B)  The court finds that rehabilitation of the defendant is feasible and that the defendant is amenable to undergoing treatment, and the defendant is placed in a recognized treatment program designed to deal with child molestation immediately after the grant of probation or the suspension of execution or imposition of sentence.

"(C)  If the defendant is a member of the victim's household, probation shall not be granted unless the defendant is removed from the household of the victim until the court determines that the best interests of the victim would be served by his or her return. While removed from the household, the court shall prohibit contact by the defendant with the victim, with the exception that the court may permit supervised contact, upon the request of the director of the court-ordered supervised treatment program, and with the agreement of the victim and the victim's parent or legal guardian, other than the defendant.

"(D)  If the defendant is not a member of the victim's household, the court shall prohibit the defendant from being placed or residing within one-half mile of the child victim's residence for the duration of the probation term unless the court, on the record, states its reasons for finding that this residency restriction would not serve the best interests of the victim.

"(E)  The court finds that there is no threat of physical harm to the victim if probation is granted.

"(2)  The court shall state its reasons on the record for whatever sentence it imposes on the defendant.

"(3)  The court shall order the psychiatrist or psychologist who is appointed pursuant to Section 288.1 to include a consideration of the factors specified in subparagraphs (A), (B), and (C) of paragraph (1) in making his or her report to the court.

While the trial court erroneously considered criteria for determining whether probation should be granted based on defendant being presumptively ineligible for probation, it is clear from the court's comments that it considered factors set forth in rule 4.414 and it did not find the case warranted a grant of probation whether defendant was eligible or not. The trial court stated that "even if defendant were not statutorily ineligible," probation would be denied due to the "nature, seriousness and circumstances of this case" and "the manner in which the crime was carried out [which] demonstrated criminal sophistication," both of which are factors relating to the crime affecting the decision to grant or deny probation. (Rule 4.414(a)(1) & (8).) The record supports the court's determination. In stating the aggravating factors that outweighed those in mitigation and justified imposition of the upper term, the court also referenced criteria affecting probation. The court stated: "In aggravation the Court finds that the victim was particularly vulnerable. This was your granddaughter. You had care of her for 32 to 40 hours a week from the age of three months. The molest[ation] began when she was four years old and ended when she disclosed at age five. The manner indicates planning, sophistication, and professionalism. She was aware that the molest[ation] was to be a secret. She did not think of it as bad touches. It's obvious to this Court that you were grooming her for more substantial sex as . . . she got older. You took advantage of a position of trust as a grandfather. She not only was abused by you but now she loses your being someone she obviously cared for in her life. [¶] In mitigation you have no

---

"(4) The court shall order the defendant to comply with all probation requirements, including the requirements to attend counseling, keep all program appointments, and pay program fees based upon ability to pay.

"(5) No victim shall be compelled to participate in a program or counseling, and no program may condition a defendant's enrollment on participation by the victim."

10

prior criminal history and you have indicated a willingness to comply with probation and you have complied fully with the sex offender treatment that you have participated in so far." Vulnerability of the victim and taking advantage of a position of trust are not only factors in aggravation, but they are also factors related to the crime affecting the decision to grant or deny probation. (Rule 4.414(a)(3) & (9).) Criminal history and willingness to comply with probation are factors in aggravation, but they are also factors related to the defendant affecting the probation decision. (Rule 4.414(b)(1) & (3).)

The trial court considered factors related to the decision to grant probation set forth in the Rules of Court. Its determination was not arbitrary or capricious and did not exceed the bounds of reason. (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.) The trial court did not abuse its discretion in denying probation.

DISPOSITION

The judgment is affirmed.


                                       HOCH     , J.


We concur:


       RAYE   , P. J.


       MURRAY , J.