Filed 3/24/16  P. v. Soult CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>NICOLE SOULT,<br><br>        Defendant and Appellant. | A146215<br><br>(San Mateo County<br>Super. Ct. No. SC082658A) |

Defendant Nicole Soult appeals from a judgment entered on her plea.  Her appellate counsel asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Soult filed no supplemental brief, although she was informed of her right to do so.  We conclude that there are no arguable issues and affirm.

Soult was charged with residential burglary and several other felony and misdemeanor offenses.[1]  On January 28, 2015, she filed a motion to suppress evidence

---

[1] The charges in the information filed on January 23, 2015, are as follows: count 1—residential burglary (felony violation of Penal Code § 460, subd. (a)); count 2—bringing a controlled substance into a jail (felony violation of Penal Code § 4573); counts 3 and 5—possession of, and being under the influence of, a controlled substance (misdemeanor violations of Health & Saf. Code §§ 11350, subd. (a), 11550, subd. (a)); counts 4 and 8—receiving stolen property (misdemeanor violations of Penal Code § 496, subd. (a)); count 6—receiving stolen motor vehicle trailer (felony violation of Penal Code § 496d, subd. (a)); count 7—unlawfully obtaining the personal identifying information of another and use of that information to commit a crime (felony violation of Penal Code § 530.5).  The information also alleged count 1 to be a serious felony (Penal Code § 1192.7, subd. (c)(18)) and that Soult committed the offenses charged in counts 6 and 7 while she was released on bail (Penal Code § 12022.1).

1

material to the charge of residential burglary.  After the trial court heard and denied the motion to suppress,  Soult entered no-contest pleas on count 1 (residential burglary), count 2 (bringing a controlled substance into a jail), and count 7 (unlawfully obtaining the personal identifying information of another and using it to commit a crime).  In doing so, she admitted that count 1 was a serious felony under Penal Code section 1192.7 and that she committed the count 7 offense while on bail.  In return, she was promised that she would serve no more than two years in state prison if probation were denied.  The other counts and allegations were dismissed with a waiver under *People v. Harvey* (1979) 25 Cal.3d 754.[2]

The trial court sentenced Soult to two years in state prison, which was composed of a low term of two years on count 1, a low term of two years on count 2, and a midterm of two years on count 7, with the time imposed on counts 2 and 7 to be served concurrently with the time imposed on count 1.  The court also ordered Soult to pay various fines and fees and to pay victim restitution in amounts to be determined.  Soult filed a notice of appeal challenging the denial of her motion to suppress evidence material to the residential-burglary conviction on count 1.  She did not, however, obtain a certificate of probable cause under Penal Code section 1237.5.[3]

---

[2] The People also dismissed another case pending against Soult in case number SF393428 and agreed not to file charges based on Redwood City Police report R15030191.

[3] Soult does not require a certificate of probable cause in order to raise the suppression issue on appeal. (See Penal Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)(4).)  But our independent review of the record is otherwise restricted to post-plea sentencing matters that do not challenge the validity of the plea. (See *People v. Buttram* (2003) 30 Cal.4th 773, 780  [only "two types of issues may be raised on appeal following a guilty or nolo plea without the need for a certificate: issues relating to the validity of a search and seizure . . . and issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed"].)  Here, the trial court acted well within its discretion in denying probation (see *People v. Aubrey* (1998) 65 Cal.App.4th 279, 282), and it imposed a sentence consistent with the plea agreement. Thus, there is no meritorious sentencing issue to be argued on appeal.

At the suppression hearing, the trial court heard testimony from Deborah Soult, defendant's mother,[4] and Shawn Chase, a deputy sheriff with the San Mateo County Sheriff's Office.[5] Their testimony established that Deborah lives in a house in Woodside with her daughter Ashley; her son Jonathan; her daughter-in-law Robin; and her grandson Daniel (Soult's son). Soult lives with her boyfriend. She keeps some belongings at Deborah's that are "scattered about" the place and if she stays overnight, she sleeps in Daniel's bedroom. A day or two before August 27, 2014, Soult brought some miscellaneous property to Deborah's house and dropped it on the living room floor. Soult told Deborah and Ashley that she "ransacked" an apartment rented by an acquaintance, Mari[e], because Mari[e] "had called CPS on her." Included among the items Soult brought to Deborah's house was a jewelry box inscribed with the name "Marie." After Deborah told Soult she did not want the property in her house, Soult moved some of it into Daniel's room and put some below the TV in the living room.

On August 27, 2014, Deputy Chase went to Deborah's home on a truancy call about Daniel. Deborah showed Chase the items Soult brought to the house and told him Soult had bragged about stealing them from one of her friends. The items were laid out on the living room floor; there was a pile of clothes, two small boxes, and two or three small plastic bags. The small boxes contained mostly CDs, the jewelry box contained some items of jewelry, and the small bags contained various items. In all, there were close to a hundred different items. Chase seized the items and catalogued them as evidence. Two days later, Chase contacted Mary Stern, who lives in East Palo Alto. Stern told Chase that she had found her apartment in a mess a few days earlier. Many items were strewn about and she came to notice that some things were missing. The items that Stern described as missing matched the items Chase recovered from Deborah's house.

---

[4] We refer to Deborah Soult as "Deborah" to avoid confusion and with no disrespect intended.

[5] These same two witnesses testified at the preliminary hearing on the residential-burglary charge held on January 12, 2015.

These facts do not raise an arguable suppression issue.  Soult was not an overnight guest of Deborah's at the time and had no legitimate expectation of privacy in the items she left in Deborah's home and in Daniel's bedroom.  (See *People v. Stewart* (2003) 113 Cal.App.4th 242, 250 ["In determining whether a defendant has a legitimate expectation of privacy in searched premises, '[t]he pertinent factors to consider include whether the defendant has a property or possessory interest in the thing seized or the place searched; whether [the defendant] has the right to exclude others from that place; whether [the defendant] has exhibited a subjective expectation that the place would remain free from governmental invasion; whether [the defendant] took normal precautions to maintain . . . privacy; and whether [the defendant] was legitimately on the premises.  [Citations.]' [Citation.]"]; cf. *Minnesota v. Olson* (1990) 495 U.S. 91, 98 [defendant had legitimate expectation of privacy and could "claim the protection of the Fourth Amendment" where police made a warrantless, nonconsensual entry into a house where he was an overnight guest and arrested him].)

We conclude that there are no meritorious issues to be argued on appeal.  The judgment is therefore affirmed.

4

_____

Humes, P.J.

We concur:

_____

Dondero, J.

_____

Banke, J.

*People v. Soult* (A146215)

5