Filed 3/28/16  P. v. Nelson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

————

| | |
|---|---|
| THE PEOPLE, | C079444 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036288) |
| v. | |
| SHELLIE WAYNE NELSON, | |
| Defendant and Appellant. | |

After defendant Shellie Wayne Nelson violated probation, the trial court revoked and declined to reinstate him on probation, and sentenced him to prison.  Defendant contends the trial court erred in refusing to reinstate him on probation without first ordering an investigation of his mental capacity.  We find no abuse of discretion and affirm the judgment.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

In April 2012, homeowners Ann Vastine and Donald Love arrived home and noticed the door to their truck was open. Vastine opened the front door to their home and heard a noise coming from the bedroom. Love and Vastine investigated and saw defendant, their friend, leaving through the back door with a jewelry box. After a brief chase, they detained defendant. When law enforcement searched defendant, they found a portable telephone that belonged to Love and Vastine. Ultimately, officers discovered defendant had also stolen a gas weed eater, an extension cord, and a bottle of liquor from Love and Vastine.

Defendant pleaded no contest to first degree burglary (Pen. Code, § 459)[1] and admitted the allegation that there was a person present other than an accomplice (§ 667.5, subd. (c)). The remaining counts were dismissed.

The probation report noted defendant had three prior felony convictions for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), which rendered him ineligible for probation unless the trial court found it an unusual case. Defendant's most recent felony conviction was in 2002. Defendant informed the probation department he was intoxicated when he committed the burglary, and stated he was an alcoholic who consumed a 12-pack daily. His prior criminal history also revolved around substance abuse. He had never participated in any treatment programs, but had been accepted into the Salvation Army program. The probation department recommended the trial court suspend imposition of sentence and grant defendant probation.

At the 2012 sentencing, the trial court found the case to be an unusual case, because based on defendant's intoxication the offense was substantially less serious than

---

[1] Undesignated statutory references are to the Penal Code.

the circumstances typically present in other cases, and defendant had no recent record of committing similar crimes. The trial court also found the interests of justice would be served, as defendant has a serious addiction issue and there was a high likelihood he would respond favorably to treatment. Accordingly, the trial court suspended imposition of sentence and granted defendant probation. The trial court also advised defendant that given his record and the charges he was convicted of, "if there's any screw ups, you're going to prison." Among the conditions of probation, defendant was required to enter and complete a residential substance abuse program, and not leave the facility without permission of the program staff and the court or probation officer.

In July 2014, the probation department filed a petition for violation of probation alleging defendant had not reported to the probation officer since June 2014. In June 2014, a probation officer contacted the rehabilitation center and learned defendant had been discharged from the program in August 2012. The probation department sent defendant a notice of probation violation and defendant failed to report to the probation department. Defendant admitted he violated probation by failing to report as directed. The trial court remanded defendant to the custody of the sheriff.

Defendant indicated he left the rehabilitation center on his own, as he was not comfortable in the environment, it was " 'too far away from home,' " and he was " 'scared of drive[-]by shooting and gangs.' " When he returned to Butte County, he was homeless and did not know who to be in contact with from the probation department. He stayed with family and lived on the streets. Shortly before he was arrested, he found a place to live. He stated he wanted " 'to just do all of his sentence and be done with it.' " He did not want probation and did not think he could complete three years of probation. The probation department concluded it could not adequately supervise someone who did not make himself available for supervision, and given his lack of interest in being on

probation, recommended the trial court terminate probation and sentence defendant to prison.

Defendant requested another interview and informed the probation department he wanted to be reinstated on probation so he could seek help from a residential treatment program. He indicated he was now ready to follow through with probation and comply with the terms. He changed his mind because he had been thinking about it, knew he could do it, and being in jail was no fun. The probation department noted defendant had been given an opportunity to address his substance abuse issues and only 11 days in, chose to leave the program. He never attempted to contact the probation department or otherwise address his addiction issues. The probation department continued to believe it could not adequately supervise defendant, and he had proven either unwilling or unable to comply with the terms of probation. Accordingly, the probation department reaffirmed its earlier recommendation that defendant be denied probation.

At the 2015 sentencing hearing, defense counsel argued defendant had stayed crime-free since leaving the rehabilitation program over two years earlier. He also indicated defendant's aunt stated that defendant "has always been, for lack of a better term, a very slow learner, not a high-functioning individual." Counsel also relayed a conversation he had had with defendant which he believed supported the aunt's statements. Counsel had spoken with defendant about the probation report. Counsel asked if defendant had received and read the report and defendant indicated he had, but could not tell counsel what the report said or what the probation department was recommending. Counsel argued the bulk of defendant's record was based on possession of controlled substances, and "[i]f he's had some learning disabilities, that might explain why he didn't necessarily stay in a program in Oakland." He argued it was significant that defendant could "abscond for about two years without picking up a new charge . . . ." Counsel noted defendant's three prior felonies were for an offense that is currently a

4

misdemeanor.  Accordingly, counsel felt the risk of granting defendant probation was low.

The trial court read and considered all three probation reports and attachments, as well as counsel's argument.  The court reviewed the unusual case criteria in California Rules of Court, rule 4.413[2] and did not find that this case met the criteria.  Accordingly, the trial court denied probation.  Moreover, the court found, even if defendant met the criteria, it would deny probation due to the nature, seriousness, and circumstances of the case.  The trial court revoked probation and sentenced defendant to the middle term of four years in state prison, and imposed various fines and fees.

## DISCUSSION

Defendant contends the trial court erred "by not ordering investigation of [defendant's] mental capacity prior to imposing a four-year sentence in state prison." Specifically, he contends the trial court should have considered whether the probation violation was committed because of a mental problem not amounting to a defense, under rule 4.413(c)(2)(B).  Defendant also contends the trial court did not properly consider the fact that his probation violation was less serious than his first degree burglary conviction under rule 4.413(c)(1)(A).  In essence, defendant urges us to reweigh all the relevant factors.  That is not our task.  Rather, we review the trial court's decision for an abuse of discretion.

In this case, as a result of both his conviction for a residential burglary (§ 459) and his three prior felony convictions (§ 1203, subd. (e)(4)), defendant was presumptively ineligible for probation unless the trial court found it to be an "unusual" case where the interests of justice would be served by granting probation (§ 462, subd. (a)).  The decision whether the case is "unusual" under these sections is within the discretion of the

---

[2]  Further rule references are to the California Rules of Court.

trial court, using the criteria set forth in rule 4.413. (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831.) Even if any fact listed in rule 4.413 exists, this does not necessarily show that the case is unusual; and, while the trial court may find it so, it is not required to do so. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.) When the trial court initially finds an unusual case and grants probation and that probation is later revoked, the determination whether or not to reinstate defendant on probation rests within the broad discretion of the trial court. The defendant has a heavy burden when attempting to show an abuse of that discretion. A reviewing court will not disturb the trial court's determination on appeal if that determination does not exceed the bounds of reason and is based on the court's consideration of all the circumstances relevant to the offense and to the defendant. (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910; *People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) The burden is on the defendant to show an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376; see *People v. Superior Court* (*Du*)*, supra*, 5 Cal.App.4th at p. 831.) Defendant has not met that burden here.

Defendant attempts to meet his burden by arguing that at least two provisions of rule 4.413(c) apply here. Defendant's argument is premised on his claim that in considering whether this was an unusual case, the trial court should have been considering the facts and circumstances of the probation violation, not the original offense. Defendant has misread the statutory provisions.

Defendant argues the "current offense—being in violation of probation for departing from the Salvation Army facility without proper discharge and not reporting to the probation officer in regards to his departure—was less serious than his subject conviction of first degree burglary." As such, defendant asserts this brings his conduct within rule 4.413(c)(1)(A). The plain language of the rule refutes this claim, providing that a case may be considered unusual where "[t]he fact or circumstance *giving rise to the*

6

*limitation on probation* is, in this case, substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence." (*Ibid.*, italics added.)  Here, the limitation on probation was based on defendant's having committed burglary.  Thus, it is the facts or circumstances of the burglary and defendant's multiple prior felony convictions, not the probation violation, the trial court had to assess in determining whether this was an unusual case.

Defendant's argument about his mental condition limiting his culpability suffers the same infirmity.  He contends defense counsel's assertion that defendant "could not understand the initial probation report after reading it" raised the implication defendant was so mentally impaired he could not understand the conditions of probation. Defendant asserts that that brings his case within rule 4.413(c)(2)(B), which provides a defendant's culpability may be reduced if "[*t*]*he crime* was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation" (italics added).  The crime committed in this case was the burglary, not the probation violation.  Moreover, defense counsel did not seek any additional evaluation of defendant's mental condition, nor did defense counsel suggest defendant had violated probation because he had not understood the terms of his probation.  Counsel's statements to the trial court reporting a conversation with defendant's aunt and his own conversations with defendant regarding the probation report fall far short of suggesting a mental condition that would respond favorably to mental health care and treatment, let alone overcome defendant's presumptive ineligibility.

Even if defendant were correct, and there were facts falling within rule 4.413, the trial court would have been within its discretion to find that these facts did not show an unusual case.  (*People v. Stuart, supra*, 156 Cal.App.4th at p. 178.)  The trial court read

7

and considered three probation reports detailing defendant's history and the facts and circumstances of the offense and the probation violation. The trial court listened to and considered further argument from counsel regarding defendant's apparent learning disabilities, that he had gone for over two years on probation without any additional charges, and that he appeared to be a low risk to the public given his record. The trial court considered all the facts and evidence presented and found defendant did not meet any of the criteria set for in rule 4.413. Where, as here, the trial has considered all the facts and evidence, we cannot find an abuse of discretion.

## DISPOSITION

The judgment is affirmed.


                                                        BUTZ           , J.



We concur:



      ROBIE           , Acting P. J.



      RENNER         , J.

8