Filed 6/27/25  P. v. Frye CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C100851 |
| Plaintiff and Respondent, | (Super. Ct. No. 26719) |
| v. | |
| JOE EDWARD FRYE, | |
| Defendant and Appellant. | |

At a resentencing proceeding under Penal Code section 1172.75, the trial court sentenced defendant Joe Edward Frye to 16 years to life imprisonment.[1]  Defendant appeals, arguing the court failed to consider relevant mitigating circumstances and the future risk to public safety when declining to strike his weapon enhancement.  He also

---

[1]  Undesignated statutory references are to the Penal Code.

1

challenges the court's determination that his case was "not unusual." Finding no merit to these contentions, we affirm.

## I. BACKGROUND

In 1980, defendant and two companions were traveling on a freight train. The victim, who spoke little or no English, joined them at a stop. Defendant told his companions that the victim would have to " 'give up some ass' " to travel with them or be killed. Defendant consumed wine. After the victim refused to submit to defendant's sexual advances, defendant used a machete to force the victim to the boxcar's door. Defendant then pushed the victim off the train; the victim died from his injuries shortly after he was discovered.

A jury found defendant guilty of second degree murder (§ 187) and found true an allegation that defendant used a deadly or dangerous weapon (§ 12022, subd. (b)). Defendant admitted he had served a prior prison term (§ 667.5, subd. (b)). The trial court sentenced defendant to 15 years to life in prison for the murder conviction and one year each for the two enhancements.

In 2022, the Department of Corrections and Rehabilitation informed the trial court that defendant was serving a sentence for a prior prison term enhancement declared legally invalid by what is now section 1172.75 (former section 1171.1). The trial court struck the sentence for the prior prison term enhancement and resentenced defendant to the same term for the murder conviction and deadly weapon enhancement, resulting in a new aggregate sentence of 16 years to life.

Defendant appealed, arguing the trial court erred by concluding it had no authority to reconsider aspects of defendant's sentence other than the sentence for the prior prison term. (*People v. Frye* (Nov. 28, 2023, C096975) [nonpub. opn.].) We held that defendant forfeited this claim by failing to argue this point below but elected to excuse the forfeiture. (*Ibid*.) We remanded the matter to the trial court for defendant to argue that his sentence should be further modified. (*Ibid*.)

2

On remand, the probation officer prepared an updated report. The probation officer interviewed defendant, who claimed he never told his companions he intended to kill the victim. Defendant acknowledged that his actions led to the victim's death but claimed he did not think pushing the victim out of the train would kill him. Defendant felt he was framed for the murder. Defendant claimed he had not consumed alcohol since 2012.

At the resentencing hearing, defendant asked the trial court to strike the weapon enhancement under section 1385. He submitted no briefing on the issue. Defense counsel argued at the hearing that it was "in the interest of justice to strike the [enhancement] inasmuch as it's a single year and not ten years or something longer than that." The court declined to dismiss the enhancement, explaining that it would not "be anywhere near the interest of justice to strike an additional enhancement" given defendant's criminal history and the "horrific" nature of the murder involving a vulnerable victim. The court stated: "Mr. Frye, [from] what I have read in the probation report, has showed little insight or remorse to committing this offense or any previous offenses. He seems only concerned with when he will be able to get out of prison." The court said defendant was presumptively ineligible for probation and that it did "not find that this is an unusual case." The court sentenced defendant to 15 years to life for murder and one year for the weapon enhancement.

Defendant timely appealed.

## II. DISCUSSION

A.      *Section 1385*

Defendant argues the trial court erred by not considering relevant mitigating circumstances when declining to strike the weapon enhancement under section 1385. He contends the court should have taken into account how application of the enhancement could result in a sentence of over 20 years (§ 1385, subd. (c)(2)(C)); how the current

3

offense was connected to mental illness (*id.*, subd. (c)(2)(D)); and how the current offense was connected to prior victimization or childhood trauma (*id.*, subd. (c)(2)(E)).

This claim is forfeited because defendant did not raise these issues below. (See *People v. Scott* (1994) 9 Cal.4th 331, 353, 356.) Section 1385 assigns to the defendant the burden of proving the existence of a mitigating circumstance. (See § 1385, subd. (c)(2) ["the court shall consider and afford great weight *to evidence offered by the defendant* to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present" (italics added)].) Yet at no point in the resentencing did defendant even mention the mitigating circumstances he now claims the trial court failed to consider. The forfeiture doctrine precludes defendant from making this claim for the first time on appeal. (See *People v. Fruits* (2016) 247 Cal.App.4th 188, 208 ["[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct"].)

Defendant also contends the trial court failed to properly consider whether dismissing the enhancement would endanger public safety. According to defendant, the court was required to assess whether defendant would pose a "risk of danger in the future."

This claim is without merit. The trial court never made an express finding that dismissing the weapon enhancement would endanger public safety. Nor was it required to do so. "Section 1385, subdivision (a), requires a trial court to state its 'reasons for the dismissal . . . orally on the record,' but there is no similar statutory requirement when a court denies a request to dismiss an enhancement." (*People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157; see also *People v. Brugman* (2021) 62 Cal.App.5th 608, 637 [" 'The trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary' "].) That aside, section 1385 only calls for a public safety finding where one of the mitigating

4

circumstances listed in the statute is present.  (See § 1385, subd. (c)(2) ["Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety*" (italics added)].)  Here, none of the enumerated mitigating circumstances were established, as defendant did not even argue they applied.

Further, "even without 'a finding that dismissal would endanger public safety,' the trial 'court retains the discretion to impose or dismiss enhancements provided that it assigns significant value' to the presence of any listed mitigating circumstances." (*People v. Bravo, supra*, 107 Cal.App.5th at p. 1157; see *ibid.* ["Section 1385(c) does not mean that, whenever a listed mitigating circumstance is present, the trial court must dismiss all enhancements unless it finds dismissal would endanger public safety"].)  As our Supreme Court has explained, "if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement *unless* the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1029 (italics added).)  In this case, there was evidence of such "countervailing factors."  The trial court explained that relief would not be in the furtherance of justice given the circumstances of the offense and defendant's criminal history.

B.      *Denial of Probation*

Defendant next challenges the trial court's denial of probation.  Defendant does not dispute that he was presumptively ineligible for probation under section 1203, subdivision (e)(4).  But he contends the court's finding that the case was "not unusual" was not supported by substantial evidence.

In determining whether a case is "unusual," courts apply the criteria listed in California Rules of Court, rule 4.413(c).  (*Id.*, rule 4.413(b).)  That rule lists factors which

5

"may" indicate the existence of an unusual case. As the term "may" suggests, the provision is permissive, not mandatory. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.) The trial court is not required to find a case unusual even when the relevant criteria are met. (*People v. Cattaneo* (1990) 217 Cal.App.3d 1577, 1587.) Courts must construe the exception for "unusual cases" narrowly to ensure the statutory limitations on probation have meaning. (*People v. Superior Court (Dorsey)* (1996) 50 Cal.App.4th 1216, 1229.) Unusual cases should be limited to "those matters in which the crime is either atypical or the offender's moral blameworthiness is reduced." (*Ibid.*; accord, *Stuart, supra*, at p. 178.) The trial court "need not provide reasons for declining to find a case 'unusual' so as to rebut any presumptive ineligibility for probation." (*People v. Nuno* (2018) 26 Cal.App.5th 43, 49.)

We review a trial court's finding as to whether a case is unusual for abuse of discretion. (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.) The defendant bears a heavy burden to meet this standard. (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) The trial judge's discretion in determining whether to grant or deny probation is broad and will not be disturbed on appeal unless its decision is so irrational or arbitrary that no reasonable person could agree with it. (*People v. Stuart, supra*, 156 Cal.App.4th at pp. 178-179; accord, *People v. Carmony* (2004) 33 Cal.4th 367, 377 [" ' " 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge' " ' "].)

We find no abuse of discretion. Defendant takes issue with the trial court's focus on the facts of the offense and its comment that defendant lacked remorse and insight into his crime. He contends the court did not adequately consider his risk to public safety, his amenability to rehabilitation, and his current mental state. In essence, defendant complains the court did not assign greater weight to factors he believes support an unusual case finding. That does not render the court's decision irrational or arbitrary. Nothing indicates the court misunderstood its discretion or failed to consider all relevant

factors. The court's comment that defendant lacked remorse and insight into his crime is supported by defendant's statement that he did not intend to kill the victim and defendant's belief that he was framed for murder. The court acted well within its discretion when it found defendant's case was not unusual.

### III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

EARL, P. J.

/S/

FEINBERG, J.