Filed 6/15/16  P. v. Garcia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061907 |
| v. | (Super.Ct.Nos. SWF1200099 & SWF1302718) |
| CARLOS MARIO GARCIA, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  Dennis A. McConaghy, Judge.  (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part; reversed in part, with directions.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Carlos Mario Garcia appeals from the trial court's order denying his request for relief from civil assessments imposed in case Nos. SWF1200099 and SWF1302718. On appeal, defendant contends the trial court erred in denying his request for relief because it was not aware it had discretion to strike the assessments. Under the circumstances of this case, we remand the matter to allow the trial court to exercise its discretion under Penal Code[1] section 1214.1.

I

FACTUAL AND PROCEDURAL BACKGROUND

On January 9, 2012, defendant pled guilty in case No. SWF1200099 to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). In return, the remaining charges were dismissed and defendant was placed on formal probation for a period of three years on various terms and conditions. The court also ordered defendant to pay the costs of attorney fees in the amount of $119.51 and a $266 AIDS education fine pursuant to Penal Code section 1463.23, among other fines and fees.

On September 25, 2013, in case No. SWF1302718, a felony complaint and a petition to revoke defendant's probation in case No. SWF1200099 was filed alleging that defendant had carried a concealed dirk or dagger on his person in violation of section 21310.

On October 1, 2013, defendant admitted to violating the terms of his probation in case No. SWF1200099. The court thereafter reinstated defendant's probation on the

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

same terms and conditions. On that same day, defendant pled guilty to carrying a concealed dirk or dagger as alleged in case No. SWF1302718. In return, defendant was placed on formal probation for a period of three years on various terms, and ordered to pay the costs of attorney fees in the amount of $119.50, among other fees and fines.

On February 27, 2014, defendant admitted to violating his probation by failing to obey all laws in case No. SWF1302718. The court thereafter reinstated and modified defendant's probation to add an additional 30 days in custody.

On September 5, 2014, defendant appeared before the trial court and made an oral motion to vacate certain fines and fees as well as civil assessments in both cases. The following colloquy occurred:

"THE COURT: Let's go through these cases one at a time. In case number SWF10001930,[2] probation has expired, so I can't do anything on that.

"[DEFENSE COUNSEL]: Your Honor, for that case we believe the AIDS education program was an error. [¶] . . . [¶]

"THE CLERK: Probation expired back on 9-21 of 2013, your Honor.

"THE COURT: I know, but—

"THE CLERK: And the balance has been forwarded to the Franchise Tax Board.

"THE COURT: So I don't have jurisdiction once probation is expired to take that off, but it's not required because they're not on probation anymore. So that's a win/win or lose/lose or whichever way you want to look at it.

---

[2] There is no other reference to this case number in the record.

3

"In SWF1302718, when was this case heard?

"THE CLERK: October 1, 2013 is when he pled.

"THE COURT: Can't do anything with the civil assessment. The civil assessment was for the unpaid legal fees, right?

"[DEFENSE COUNSEL]: Yes, your Honor.

"THE COURT: I can waive the legal fees if he wasn't employed, even though— he's still on probation, right?

"THE CLERK: Yes, sir.

"THE COURT: And the admin cost fee, that's not one we waive, is it?

"THE CLERK: No, sir.

"THE COURT: I'll waive the legal fees on that one.

"[DEFENSE COUNSEL]: Your Honor, he actually just started working yesterday. He's still having issues with transportation to work.

"THE COURT: He's working?

"[DEFENSE COUNSEL]: He started yesterday. He's working in San Diego, but due to the fines and fees, he doesn't have his driver's license, so he's having issues with transportation and getting to work, which is why he's not making a lot of money at this moment.

"THE COURT: Well, you know what, the thing that has been sent to the Franchise Tax Board I can't do anything with, and it's already gone to civil assessment. I

4

can't do anything with that either. So it doesn't make a whole lot of difference. If he's employed, I'm not going to waive any of the fees. Okay?

"[DEFENSE COUNSEL]: I understand.

"THE COURT: And on SWM1307594,[3] that is a civil assessment, and I can't do anything with that.

"SWF1200099, what was the charge in this case?

"THE CLERK: 11377.

"THE COURT: 11377. I don't think we need AIDS education on that so—when was he sentenced?

"THE CLERK: 1-9-2012.

"THE COURT: I don't think the AIDS education program is required. The other fees, since he's working, I'm not going to waive. And the civil assessment I can't do anything with it.

"[DEFENSE COUNSEL]: Your Honor, under Penal Code 1214.1(b), it states that if the defendant appears within the time specified in the notice and shows good cause for the failure to appear or for failure to pay a fine—

"THE COURT: I've read the law. I know what the law says. Okay? I'm not going to do it because he has a job. And there's a chance he's going to get it paid within a year. So anyway— [¶] . . . [¶]

---

[3] There is no other reference to this case number in the record.

"[DEFENSE COUNSEL]: This is just in regards to the civil assessment, your Honor.

"THE COURT: I cannot do anything—listen to me. The law won't let me do anything with the civil assessment, and I shall not do it.

"[DEFENSE COUNSEL]: Your Honor, it's actually Penal Code section 1214.1(b).

"THE COURT: Ma'am, you can take a writ and do whatever you want, but I'm not going to do anything with the civil assessment.

"[DEFENSE COUNSEL]: Thank you, your Honor. I just want to make sure that I make the—

"THE COURT: It was requested, and I denied it. That's your record.

"[DEFENSE COUNSEL]: Your Honor, I just want to make sure that the record is clear that pursuant to that, we're asking for the civil assessment to be vacated. He did make payments on those. He did come in within the specified time, and based on that, we're asking for the civil assessments to be vacated.

"THE COURT: And based on what I just said, it's denied."

On September 15, 2014, defendant filed timely notices of appeal in case Nos. SWF1200099 and SWF1302718.

DISCUSSION

Defendant argues the trial court erred in denying his request for relief from civil assessments imposed in case Nos. SWF1200099 and SWF1302718 because the court believed it had no authority to strike the assessments. Defendant therefore requests the matter be remanded to allow the court to exercise its discretionary choices.

The People initially respond defendant's claim must be rejected because he failed to show on appeal that any civil assessment was ever actually imposed. The People are mistaken. As pointed out in defendant's reply brief, on January 2, 2015, this court granted defendant's motion to augment the record on appeal with court records concerning the civil assessments. In response, on January 8, 2015, the clerk of the superior court filed the following certification:

"This court received an order to augment the record for the above [defendant]. Counsel requested this court to provide documents concerning the denial of the civil assessment fee. The civil assessment imposed by this court is done automatically through the court system pursuant to 1214.1(a) of the Penal Code. Warning letters were sent on November 19, 2013 and November 20, 2013, to the defendant, informing him that a civil assessment for failure to pay or failure to appear will result in a fee being imposed on the case. The civil assessment was imposed December 19, 2013 on case SWF1200099 and December 23, 2013 on case SWF1302718. This court is not in receipt of any automatically generated documents."

The above certification from the clerk contains a proof of service which included the People. It appears defendant was indeed ordered to pay civil assessments in both these cases. As such, the People's contention that defendant had not established he was ordered to pay a civil assessment is in error.

In the alternative, the People argue the trial court acted within its discretion in denying defendant's request to vacate the civil assessments. Defendant replies that despite the court's assertion it had "read the statute," the court was not aware it had discretion to strike the civil assessment pursuant to section 1214.1.

At the time of defendant's request, section 1214.1 provided:

"(a) In addition to any other penalty in infraction, misdemeanor, or felony cases, the court may impose a civil assessment of up to three hundred dollars ($300) against a defendant who fails, after notice and without good cause, to appear in court for a proceeding authorized by law or who fails to pay all or any portion of a fine ordered by the court or to pay an installment of bail as agreed to under Section 40510.5 of the Vehicle Code. This assessment shall be deposited in the Trial Court Trust Fund, as provided in Section 68085.1 of the Government Code.

"(b) The assessment shall not become effective until at least 10 calendar days after the court mails a warning notice to the defendant by first-class mail to the address shown on the notice to appear or to the defendant's last known address. *If the defendant appears within the time specified in the notice and shows good cause for the failure to appear or*

8

*for the failure to pay a fine or installment of bail, the court shall vacate the assessment.*"

(Former § 1214.1, subds. (a) & (b), italics added.)[4]

Here, the clerk's certification notes that warning letters were sent to defendant on November 19 and 20, 2013, informing him that a failure to pay or failure to appear would result in the imposition of a civil assessment fee. However, without the actual letters, it is not possible to determine whether the letters were prospective warnings or whether they were letters informing defendant that he was already in violation and that he had a certain time within which to comply. Without the letters, it is not possible to determine whether defendant appeared "within the time specified in the notice[s]" (§ 1214.1, subd. (b)) or whether the assessment was appropriate or whether defendant complied with his obligations to pay his fines to avoid the assessments.

An appellate record is constitutionally inadequate "only if the complained-of deficiency is prejudicial to the defendant's ability to prosecute his appeal." (*People v. Alvarez* (1996) 14 Cal.4th 155, 196, fn. 8; see *People v. Howard* (1992) 1 Cal.4th 1132, 1164-1166 (*Howard*) [record satisfies federal due process if it permits adequate, effective appellate review]; *People v. Young* (2005) 34 Cal.4th 1149, 1170 ["[a] criminal defendant is entitled under the Eighth and Fourteenth Amendments [to the federal Constitution] to an appellate record that is adequate to permit meaningful review"].) The defendant has the burden of demonstrating that omissions in the appellate record render it

---

[4] In 2015, subdivision (b) of section 1214.1 designated paragraph (1), inserted "imposed pursuant to subdivision (a)," substituted "20" for "10," and added a paragraph 2. (Stats. 2015, ch. 385, § 1.)

9

inadequate to permit meaningful appellate review. (*Howard*, *supra*, at pp. 1164-1166.) "No presumption of prejudice arises from the absence of materials from the appellate record . . . ." (*People v. Samayoa* (1997) 15 Cal.4th 795, 820.)

In the present matter, despite defendant's efforts to augment the court records concerning the civil assessments, it appears the appellate record still remains inadequate to permit meaningful appellate review. The record does not contain appropriate documentation to support a conclusion that defendant complied with the warning notice or that defendant appeared "within the time specified in the notice" as required under section 1214.1. However, defense counsel asserted, and neither the People nor the trial court objected, that defendant appeared within the appropriate time frame.

In addition, under the circumstances of this case, it appears the court was not fully aware it had the discretion to strike the civil assessments, despite the court's assertion that it had "read the law." Initially, we note the court referenced two case numbers that are not contained in this record. Second, the court made conflicting statements relating to the civil assessments. The court first stated it could not "do anything with the civil assessment," but then inquired, "The civil assessment was for the unpaid legal fees, right?" After defense counsel replied in the affirmative, the court stated "I'll waive the legal fees on that one." Nonetheless, when defense counsel mentioned defendant began working in San Diego, the court stated, "Well, you know what, the thing that has been sent to the Franchise Tax Board I can't do anything with, and it's already gone to civil assessment. I can't do anything with that either. So it doesn't make a whole lot of

10

difference. If he's employed, I'm not going to waive any of the fees." The court later stated, "I don't think the AIDS education program is required. The other fees, since he's working, I'm not going to waive. And the civil assessment I can't do anything with, so I'm not going to doing anything with it."

When defense counsel purported to explain section 1214.1, the court interrupted counsel and stated, "I've read the law. I know what the law says." The court did not cite to this law and again noted "I'm not going to do it because he has a job. And there's a chance he's going to get it paid within a year." However, the court's comments are unclear as to whether the court was referring to the "other fees" or the civil assessments. Based on an entire reading of the court's comments and the fact the court had previously mentioned it was not going to waive the "other fees" because defendant was working, it appears the court was referring to the law concerning "other fees." When defense counsel again attempted to explain the request was in regards to the civil assessment, the court repeated, "I cannot do anything—listen to me. The law won't let me do anything with the civil assessment, and I shall not do it" and told counsel to "take a writ."

The People argue that "it seems" defendant "appeared outside of the 10 days provided by statute at which time the assessments were already 'effective' " and that the court's comments indicate it knew it had discretion to vacate the civil assessments, "but only if [defendant] complied with the timing requirements of the statute." However, neither the court nor the People mentioned the timing requirement under section 1214.1. Moreover, as previously noted, neither the People nor the court took issue with defense

11

counsel's claim that defendant complied with the statutory requirements of section1214.1. In fact, defense counsel specifically stated, "Your Honor, I just want to make sure that the record is clear that pursuant to that, we're asking for the civil assessment to be vacated. He did make payments on those. He did come in within the specified time, and based on that, we're asking for the civil assessments to be vacated."

Based on a thorough analysis of the record, it appears the trial court misunderstood its discretion when ruling on defendant's request to vacate the civil assessments in case Nos. SWF1200099 and SWF1302718. Although the record reflects the court's attempt to apply its discretion regarding the "other fees," we cannot harmonize the court's comments as to why it could not exercise such discretion as to the civil assessments. The trial court here incorrectly believed that it did not have the authority to vacate the civil assessments. "It is a paradigmatic abuse of discretion for a court to base its judgment on an erroneous view of the law." (*Schlup v. Delo* (1995) 513 U.S. 298, 333 (conc. opn. of O'Connor, J.).)

The People further claim that defendant failed to establish the requisite good cause for vacating any assessment. However, it appears the trial court did not deny defendant's request because defendant failed to show good cause to vacate the civil assessments. Instead, the court denied the request because it could not "do anything with the civil assessment," believing it had no authority. Moreover, because the trial court refused to hear defendant's explanation, defendant was not permitted to demonstrate good cause for

12

his nonpayment of the fines. The record indicates that the court misunderstood its discretionary choice.

An erroneous understanding by the trial court of its discretionary power is not a true exercise of discretion. (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.]" (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) A court cannot exercise that " 'informed discretion' " where it is unaware of the scope of its discretionary powers. (*Ibid*.) Although a trial court is presumed to have been aware of and followed the applicable law, when the record demonstrates that "the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228-1229.)

On this record, we cannot find the court knowingly exercised its discretion as directed by section 1214.1. By misunderstanding and failing to properly exercise the scope of its discretion to vacate the civil assessments, the court prejudicially abused its discretion. We therefore remand the matter for the court to exercise its discretionary choices.

III

DISPOSITION

Case Nos. SWF1200099 and SWF1302718 are remanded for further proceedings

consistent with the views expressed herein.  In all other respects, the judgments are

affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


McKINSTER
J.

14