Filed 8/1/16  P. v. Cramer CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C080611 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041806) |
| v. | |
| LANDON RICHARD CRAMER, | |
| Defendant and Appellant. | |

Defendant Landon Richard Cramer pleaded guilty to corporal injury upon a girlfriend (Pen. Code, § 273.5, subd. (a)),[1] willfully making criminal threats (§ 422, subd. (a)), and willfully resisting a peace officer (§ 148, subd. (a)(1)).  He also admitted to committing these offenses while released from custody on bail or his own recognizance. (§ 12022.1.)  The trial court sentenced defendant to an aggregate term of four years eight months in prison.

_____

[1] Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends the trial court abused its discretion by denying his request for probation. Defendant further contends the trial court abused its discretion by imposing the upper term on the corporal injury offense and a consecutive eight month sentence on the criminal threats offense. We conclude the trial court did not err, and therefore affirm the judgment.

## I. BACKGROUND[2]

In August 2014, the police were dispatched to the victim's home in response to a report of a domestic dispute. The reporting party advised the dispatcher that he had been awakened by the sound of defendant punching the victim.

The police officer that responded to the victim's home observed several lacerations on the victim's right cheek, a large laceration on her left cheek, multiple bruises on her face, a large bruise on her buttocks, and visible red marks and bruising around her neck. The victim reported that she and defendant had been involved in a romantic relationship for approximately two years. She stated that they had separated but remained in an "on and off" again relationship for approximately three months. The victim also reported that defendant had strangled her and punched her multiple times in the face, rib cage, and buttocks. She further reported that defendant had physically abused her in the past, had previously threatened to kill her, and had recently strangled her.

Around an hour after the attack, defendant sent the victim a text message stating: "You have 12 hours to find me, before I find you." The message included several " 'emoji' images of bombs, guns, knives, needles, and [a] fork and knife." Defendant sent another text message stating: "12 hours . . ., no one cheats on me." He also sent a

---

[2] During the plea hearing, defendant stipulated that the facts contained in the probation report provided the factual basis for his guilty pleas. The factual statement in the probation report serves as the basis for our statement of facts.

message that said: "Better not be talking about this with [the victim's roommate] or she will be involve[ed] too."

As the police were conducting interviews at the victim's home, defendant was observed driving nearby. Police officers pursued defendant but were unable to apprehend him, as he pulled into an apartment complex and fled on foot. Later that day, defendant was arrested at his residence.

In November 2014, an information was filed, charging defendant with one count of corporal injury upon a girlfriend (§ 273.5, subd. (a)—count one), two counts of willfully making criminal threats (§ 422, subd. (a)—counts two and three), and one count of willfully resisting a peace officer (§ 148, subd. (a)(l)—count four). It was further alleged that at the time defendant committed these offenses he was released from custody on bail or his own recognizance for a case in Santa Clara County (case No. C1235435). (§ 12022.1.)

Pursuant to a negotiated plea, defendant pleaded guilty to counts one, two, and four, and admitted the section 12022.1 allegations. The trial court sentenced defendant to an aggregate term of four years eight months in prison. The court imposed and stayed an additional two years for the enhancement, pending resolution of the Santa Clara County case.

Defendant filed a timely notice of appeal.

## II. DISCUSSION

A.    *Denial of Probation*

Defendant contends the trial court erred by denying his request for probation. We disagree.

" 'Probation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation. [Citations.] The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions. [Citations.]' "

(*People v. Olguin* (2008) 45 Cal.4th 375, 379.)  The defendant bears a heavy burden when attempting to show an abuse of discretion.  (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.)

"In reviewing [a trial court's determination whether to grant or deny probation,] it is not our function to substitute our judgment for that of the trial court.  Our function is to determine whether the trial court's order granting [or denying] probation is arbitrary or capricious or exceeds the bounds of reason considering all the facts and circumstances." (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 825 (*Du*).)  The primary considerations in determining whether to grant probation are:  " 'the nature of the offense; the interests of justice, including punishment, reintegration of the offender into the community, and enforcement of conditions of probation; the loss to the victim; and the needs of the defendant.' [Citation.]" (*People v. Carajal* (1995) 10 Cal.4th 1114, 1120; see also Cal. Rules of Court, rule 4.414 [listing the criteria affecting the decision to grant or deny probation].)[3]

At the outset of the September 16, 2015, sentencing hearing, the trial court indicated that it had read and considered, among other things, the original and supplemental probation reports, the section 1203 diagnostic evaluation, defendant's statement regarding probation and mitigation, and the supplemental brief to defendant's statement regarding probation and mitigation.  The probation report recommended that probation be denied based on the following factors:  (1) the nature, seriousness, and circumstances of the offense as compared to other instances of the same crime (rule 4.414(a)(1)); (2) the vulnerability of the victim (rule 4.414(a)(3)); (3) the substantial physical and emotional impact to the victim (rule 4.414(a)(4)); (4) the offense was not

---

[3] Undesignated rule references are to the California Rules of Court.

4

committed because of an unusual circumstance and was likely to reoccur[4] (rule 4.414(a)(7)); and (5) the substantial likelihood that defendant would be a danger to others if he were not imprisoned (rule 4.414(b)(8)). Following the section 1203 diagnostic evaluation, the probation officer submitted a supplemental report, stating that there was no change in the sentencing recommendation. The supplemental report noted that while the staff psychologist found no significant risk of violence by defendant if probation were granted, the psychologist also determined that defendant's judgment was immature and impulsive. The report further noted that the correctional counselor who issued the report and the associate warden that reviewed it both recommended defendant serve a prison term.

After hearing the parties' arguments, the trial court denied defendant's request for probation, citing the following factors: (1) the nature, seriousness, and circumstances of the offense as compared to other instances of the same crime (rule 4.414(a)(1)); (2) the vulnerability of the victim (rule 4.414(a)(3)); (3) defendant inflicted physical and emotional injury (rule 4.414(a)(4)); (4) defendant was an active participant in the offense (rule 4.414(a)(6)); and (5) the likelihood defendant would be a danger to others if he was not imprisoned (rule 4.414(b)(8)). On this record, we conclude the trial court did not abuse its discretion in denying defendant's request for probation. The record reflects the trial court considered valid criteria in determining that defendant was not suitable for probation. Defendant failed to show that the trial court's decision was arbitrary, capricious, or exceeded the bounds of reason under the circumstances of this case. (*Du, supra,* 5 Cal.App.4th at p. 825.)

---

[4] The probation report noted that defendant had engaged in an ongoing pattern of abuse, including strangling the victim on numerous occasions.

*B.     Sentence Imposed*

Defendant contends the trial court erred by imposing the upper term on the corporal injury offense and a consecutive eight month sentence on the criminal threats offense.  We disagree.

A trial court's sentencing decision is reviewed for abuse of discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  A court's choice to select an upper term is justified if it finds even one aggravating factor.  (See *People v. Black* (2007) 41 Cal.4th 799, 814.)  "Aggravating circumstances include those listed in the sentencing rules, as well as any facts 'statutorily declared to be circumstances in aggravation' ([rule] 4.421(c)) and any other facts that are 'reasonably related to the decision being made.' ([rule] 4.408(a).)"  (*Id.* at p. 817.)  A trial court only abuses its discretion when "its [sentencing] decision is so irrational or arbitrary that no reasonable person could agree with it."  (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)  Absent a clear showing that the trial court's sentencing decision was irrational or arbitrary, we presume a trial court " ' "to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' "  (*Id.* at pp. 376-377.)

Here, the trial court imposed the upper term on the corporal injury offense because it found the circumstances in aggravation outweighed the circumstances in mitigation.[5]  In support of this determination, the court cited numerous aggravating circumstances:  (1) the crime involved great violence, threat of great bodily harm, and other acts disclosing a high degree of cruelty, viciousness or callousness (rule 4.421(a)(1)); (2) the victim was

---

[5] The probation officer recommended the trial court impose the upper term on the corporal injury offense because the circumstances in aggravation—the victim's vulnerability (rule 4.421(a)(3)) and defendant's violent conduct, including prior incidents in which he strangled the victim (rule 4.421(a)(1) & (b)(1))—outweighed the circumstances in mitigation—defendant had no prior criminal record (rule 4.423(b)(1)).

particularly vulnerable (rule 4.421(a)(3)); (3) defendant threatened witnesses (rule 4.421(a)(6)); (4) defendant took advantage of a position of trust or confidence to commit the offense (rule 4.421(a)(11)); and (5) defendant engaged in conduct indicating that he is a serious danger to society (rule 4.421(b)(1)). In mitigation, the trial court found that defendant had no prior criminal history (rule 4.423(b)(1)), and he expressed remorse and took responsibility for his conduct (rule 4.423(b)(3)).

We conclude the trial court did not abuse its broad discretion in imposing the upper term on the corporal injury offense and a consecutive eight month sentence on the criminal threats offense. The record reflects the trial court found five aggravating circumstances and only two mitigating circumstances. On this record, defendant failed to clearly show that the trial court's sentencing decision was so irrational or arbitrary that no reasonable person could agree with it. (*People v. Carmony, supra*, 33 Cal.4th at p. 377.)

## III. DISPOSITION

The judgment is affirmed.

/S/

_____

Renner, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

DUARTE, J.

7