Filed 9/17/21  P. v. Nichols CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C092439 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF00755) |
| v. | |
| GARRISON J. NICHOLS, | |
| Defendant and Appellant. | |

Defendant Garrison J. Nichols pled no contest to one count of committing a lewd or lascivious act on a child under 14.  The trial court denied probation and sentenced defendant to the upper term of eight years in state prison.  On appeal, defendant contends the court abused its discretion in denying his request for probation and sentencing him to the upper term.  We find no abuse of discretion and affirm the judgment.

## I.  BACKGROUND

Defendant began dating E.S., the mother of six-year-old Jane Doe, and moved into the home with E.S., Jane Doe, and her brother.  The children called defendant, "Daddy Gary."  Several months after defendant moved in, Jane Doe reported to E.S. that

1

defendant wanted her to put her mouth on his penis. E.S. told her that was bad and not to say such things. Jane Doe responded, " 'I couldn't keep it a secret anymore, but daddy asked me to.' " While Jane Doe's mother and brother were sleeping, defendant lured her to put her mouth on his penis by telling her it would give her milk. Jane Doe said she put her mouth on defendant's penis as he instructed. E.S. confronted defendant; he denied the allegation and begged E.S. not to report it to the police. He then fled. Jane Doe reported multiple similar incidents of defendant touching or attempting to touch her inappropriately.

The district attorney filed an amended complaint charging defendant in count 1 with oral copulation or sexual penetration with a child under the age of 10 (Pen. Code,[1] § 288.7, subd. (b)), and in count 2 with committing a lewd or lascivious act on a child under the age of 14 (§ 288, subd. (a)). Defendant pled no contest to count 2. In exchange, count 1 was dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, 758. The trial court ordered a psychological examination of defendant, pursuant to sections 288.1 and 1203.067.

The prosecutor filed a sentencing statement in aggravation and cited no factors in mitigation. Attached was a victim impact statement that E.S. provided, detailing the trauma defendant inflicted on Jane Doe. In response, the defense filed a sentencing statement in mitigation, arguing for probation. Attached were letters in support of defendant and a report that he had a Static-99R risk assessment score of 2, with an average risk for sexual offense recidivism. At the sentencing hearing, the trial court issued a tentative ruling to deny probation and impose the upper term. The court noted it had read and considered the probation report with a confidential attachment; the prosecutor's statement in aggravation; defense counsel's statement in mitigation, including attachments; and a psychiatric evaluation pursuant to section 288.1. The

---

[1] Undesignated statutory references are to the Penal Code.

probation report recommended the middle term. Defendant's father requested that he be placed on probation. Defendant made a statement that it was difficult for him not to go to trial to prove his innocence and asked for a chance for probation. He continued to proclaim his innocence after his plea.

Defense counsel argued that defendant's crime was an isolated incident and cited the psychiatric evaluation, which noted that denial of the offense is not necessarily a risk factor for recidivism. Defense counsel argued that the psychiatric report noted factors that indicated defendant would successfully respond to sex offender treatment and posed a minimal risk to Jane Doe or for recidivism. Defense counsel requested a low-term sentence in the event probation was denied.

The trial court denied defendant's request for probation and sentenced him to the upper term of eight years in state prison. The trial court found that because defendant had previously suffered two felony convictions, he was statutorily ineligible for probation pursuant to section 1203, subdivision (e)(4), absent a finding that this was an "unusual case" in which the interest of justice would be served in granting probation. The court found that defendant failed to meet criteria for an unusual case under California Rules of Court, rule 4.413. The trial court further reasoned: "The Court has carefully considered in this case a grant of probation for a number of reasons in this case. The Court, however, continuously goes back to the nature of the charges in this case; the statements made by the young victim . . . and the graphic nature of the statements made by the victim are difficult in this case to ignore. [¶] And for that reason, even if the defendant were not statutorily ineligible for probation, probation would be denied; and that will be due to the nature, the seriousness, and the circumstances in this case which is considered more egregious than circumstances, other circumstances of cases involving similar charges. Additionally in this case, the victim was particularly vulnerable. Additionally, the defendant betrayed a position of trust that had developed between himself and the six-year-old victim." In imposing the upper term, the court found that the balance of factors

3

in aggregation outweighed those in mitigation. Specifically, the court considered that the victim was "particularly vulnerable," "the manner in which the crime was committed indicate[d] planning and some sophistication," and "defendant took advantage of a position of trust or confidence." In mitigation, the court noted defendant had a minimal prior criminal record and his prior performance on probation was satisfactory.

Defendant filed a timely notice of appeal and requested but did not obtain a certificate of probable cause.

## II. DISCUSSION

### A. *Denial of Probation*

Defendant contends the trial court abused its discretion in denying his request for probation. He recognizes that he was ineligible for probation unless the court found unusual circumstances but argues such circumstances are present here. We disagree.

"Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to . . . [¶] . . . [¶] [a]ny person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony." (§ 1203, subd. (e)(4).) California Rules of Court, rule 4.413(c) sets forth the factors which may indicate an "unusual case" in which probation may be granted. One such factor is where there is a circumstance, not amounting to a defense, that reduces the defendant's culpability, including: (1) there was a great provocation, coercion, or duress *and* the defendant has no record of committing crimes of violence; (2) the crime was committed because of a reduced mental condition not amounting to a defense; or (3) the defendant is youthful or aged and has no significant record of prior criminal offenses. (Cal. Rules of Court, rule 4.413(c)(2).) These factors are indicators the trial court *may* use to find the case unusual, but it is not required to do so. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178 (*Stuart*).) If the court determines presumptive ineligibility is overcome, that is not the end of the inquiry; the court must still decide whether to grant

4

probation based on the criteria in California Rules of Court, rule 4.414. (*Stuart, supra*, at p. 178.)

The defendant bears a heavy burden when attempting to show an abuse of discretion. (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) "In reviewing [a trial court's determination whether to grant or deny probation,] it is not our function to substitute our judgment for that of the trial court. Our function is to determine whether the trial court's order granting [or denying] probation is arbitrary or capricious or exceeds the bounds of reason considering all the facts and circumstances." (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 825 (*Du*).)

Here, defendant claims the trial court erred in denying him probation but does not explain which of the factors overcoming presumptive ineligibility applies to him. Even if the trial court erred in concluding that defendant's case did not fall within *any* of the "unusual case" factors, the court was not required to find presumptive ineligibility has been overcome based on any one factor. (See *Stuart, supra*, 156 Cal.App.4th at p. 178 [The trial court may but is not required to find the case is unusual just because circumstances listed in the rule have been established].) Further, defendant was not prejudiced because the court expressly stated it would deny probation even if defendant was eligible. Defendant asserts that the court's finding that there was planning is not supported by the record. We disagree. The stipulated factual basis for the plea and the probation report reveal that defendant gained Jane Doe's trust by quickly becoming a father figure and took advantage of at least one time when he was left alone with Jane Doe and lured her with a claim he was going to give her milk. This was evidence of planning, and the court was well within its discretion to deny probation based on the seriousness and manner of the offense, even if defendant was not presumptively ineligible for probation. (See Cal. Rules of Court, rule 4.414(a)(1).) Accordingly, defendant has failed to show the trial court's decision was arbitrary, capricious, or

5

exceeded the bounds of reason under the circumstances of this case. (See *Du, supra*, 5 Cal.App.4th at p. 825.)

B.      *Sentence Imposed*

Defendant contends the trial court abused its discretion by imposing the upper term. Specifically, he argues that the court improperly relied on aggravating factors that were legally inapplicable and failed to consider a mitigating factor. We disagree.

A trial court's sentencing decision is reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) A trial court's choice to select an upper term is permissible if it finds even one aggravating factor. (*People v. Osband* (1996) 13 Cal.4th 622, 728-729 (*Osband*).) "Aggravating circumstances include those listed in the sentencing rules, as well as any facts 'statutorily declared to be circumstances in aggravation' [citation] and any other facts that are 'reasonably related to the decision being made.' " (*People v. Black* (2007) 41 Cal.4th 799, 817.)

Here, the court imposed the upper term because it found the circumstances in aggravation outweighed those in mitigation. The trial court noted several aggravating factors relating to the crimes, including that defendant took advantage of a position of trust or confidence to commit the crime, the vulnerability of the victim, and that the manner in which the crimes were carried out demonstrated sophistication. (See Cal. Rules of Court, rule 4.421, (a)(3), (8), (11).) Defendant contends that the court erred in referencing the child victim's young age, which he contends is not a proper aggravating factor because it is an element of the crime itself. It is true that "[a] fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term." (Cal. Rules of Court, rule 4.420(d).) However, the record shows the trial court relied on several facts in aggravation, including that (1) "the victim was particularly vulnerable," (2) "the manner in which the crime was committed indicate[d] planning and some sophistication," and (3) that "defendant took advantage of a position of trust or confidence." As defendant concedes, any one of these aggravating factors is

6

enough to deny probation.  (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1263 ["Only a single aggravating factor is required to impose the upper term"].)  Defendant contends there was no evidence of planning.  For the reasons we have discussed *ante*, he is incorrect.  Defendant does not challenge the court's finding that he took advantage of the victim's trust and confidence.  Instead, he makes the meritless argument that "[t]his was a one-time incident," which is utterly contradicted by the stipulated factual basis for the plea and the probation report, where Jane Doe recited multiple uncharged acts of molestation perpetrated by defendant during the short period of a few months he was living in her home.  The court's imposition of the upper term was permissible based on any one of these aggravating factors.  (See *Osband, supra*, 13 Cal.4th at pp. 728-729.)

In mitigation, the court found defendant had minimal prior criminal history and had performed satisfactorily on his prior probation.  Nonetheless, defendant argues the aggravating factors cited by the court could not outweigh the mitigating factors, including his minimal criminal record, the letters submitted on his behalf, his claim this was a "one-time incident," and the fact he received an average risk score on the Static-99R, which is an actuarial measure of risk for sexual offense recidivism.  We disagree.  The court stated it reviewed and considered all of these materials, heard argument, and listed the factors it weighed in aggravation and mitigation.  The trial court did not fail to give the mitigating factors proper consideration.  Rather, the court did not believe that all the mitigating factors could mitigate the aggravating factors, such as the fact that he used that position to find his victim and commit these crimes.  There was no abuse of discretion.

## III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

BLEASE, Acting P. J.

/S/

ROBIE, J.