Filed 5/23/22  P. v. Nichols CA3
(opinion on rehearing)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C092439 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF00755) |
| v. | |
| GARRISON J. NICHOLS, | OPINION ON REHEARING |
| Defendant and Appellant. | |

Defendant Garrison J. Nichols pled no contest to one count of committing a lewd or lascivious act on a child under 14.  The trial court denied probation and sentenced defendant to the upper term of eight years in state prison.  On appeal, defendant asserted the court abused its discretion in denying his request for probation and sentencing him to the upper term.

We previously filed an opinion addressing and rejecting defendant's contentions and affirming the judgment.  Subsequently, the California Supreme Court granted review and transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of Penal Code sections 1170 and 1170.1, as amended by Senate Bill No.

1

567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567).[1]  (Cal. Rules of Court, rule 8.528(d).)  We vacated our decision and both parties filed supplemental briefs following the transfer.  (See Cal. Rules of Court, rule 8.200(b).)  In supplemental briefing on the effects of the amended sentencing statute, defendant contends his case must be remanded for resentencing.  After filing an opinion addressing Senate Bill 567, we granted rehearing on our own motion.

On rehearing, we remand the matter for resentencing in light of Senate Bill 567.

## I.  BACKGROUND

The probation report provided the factual basis for the plea and lists the following facts.  Defendant began dating E.S., the mother of six-year-old Jane Doe, and moved into the home with E.S., Jane Doe, and her brother.  The children called defendant, "Daddy Gary."  Several months after defendant moved in, Jane Doe reported to E.S. that defendant wanted her to put her mouth on his penis.  E.S. told her that was bad and not to say such things.  Jane Doe responded, " 'I couldn't keep it a secret anymore, but daddy asked me to.' "  While Jane Doe's mother and brother were sleeping, defendant lured her to put her mouth on his penis by telling her it would give her milk.  Jane Doe said she put her mouth on defendant's penis as he instructed.  E.S. confronted defendant; he denied the allegation and begged E.S. not to report it to the police.  He then fled.  While Jane Doe claimed this particular act of oral penetration occurred one time, she also reported multiple similar incidents of defendant touching or attempting to touch her vagina.  In particular, the probation report details that during one such incident, defendant offered to wash Jane Doe's hair while she was in the bathtub so that E.S. could take a phone call.  Jane Doe reported to her mother that the defendant tried to put his fingers in her vagina during the bath, and she pushed him away.  Jane Doe reported to her mother that on another occasion, defendant had touched the outside of her vagina.  E.S. also reported

---

[1] Undesignated statutory references are to the Penal Code.

that defendant made numerous inappropriate comments about Jane Doe's body, including that her " 'boobs were growing' " and that " 'she was going to be sexual at a young age.' "

The district attorney filed an amended complaint charging defendant in count 1 with oral copulation or sexual penetration with a child under the age of 10 (§ 288.7, subd. (b)), and in count 2 with committing a lewd or lascivious act on a child under the age of 14 (§ 288, subd. (a)).  Defendant pled no contest to count 2.  Defendant stipulated to the facts as listed in the probation report as the factual basis for the plea.  In exchange for his plea, count 1 was dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, 758.  The trial court ordered a psychological examination of defendant, pursuant to sections 288.1 and 1203.067.

The prosecutor filed a sentencing statement in aggravation and cited no factors in mitigation.  Attached was a victim impact statement that E.S. provided, detailing the trauma defendant inflicted on Jane Doe.  In response, the defense filed a sentencing statement in mitigation, arguing for probation.  Attached were letters in support of defendant and a report that he had a Static-99R risk assessment score of 2, with an average risk for sexual offense recidivism.  At the sentencing hearing, the trial court issued a tentative ruling to deny probation and impose the upper term.  The court noted it had read and considered the probation report with a confidential attachment; the prosecutor's statement in aggravation; defense counsel's statement in mitigation, including attachments; and a psychiatric evaluation pursuant to section 288.1.  The probation report recommended the middle term.  Defendant's father requested that he be placed on probation.  Defendant made a statement that it was difficult for him not to go to trial to prove his innocence and asked for a chance for probation.  He continued to proclaim his innocence after his plea.

Defense counsel argued that defendant's crime was an isolated incident

3

and cited the psychiatric evaluation, which noted that denial of the offense is not necessarily a risk factor for recidivism. Defense counsel argued that the psychiatric report noted factors that indicated defendant would successfully respond to sex offender treatment and posed a minimal risk to Jane Doe or for recidivism. Defense counsel requested a low-term sentence in the event probation was denied.

The trial court denied defendant's request for probation and sentenced him to the upper term of eight years in state prison. The trial court found that because defendant had previously suffered two felony convictions, he was statutorily ineligible for probation pursuant to section 1203, subdivision (e)(4), absent a finding that this was an "unusual case" in which the interest of justice would be served in granting probation. The court found that defendant failed to meet criteria for an unusual case under California Rules of Court, rule 4.413. The trial court further reasoned: "The Court has carefully considered in this case a grant of probation for a number of reasons in this case. The Court, however, continuously goes back to the nature of the charges in this case; the statements made by the young victim . . . and the graphic nature of the statements made by the victim are difficult in this case to ignore. [¶] And for that reason, even if the defendant were not statutorily ineligible for probation, probation would be denied; and that will be due to the nature, the seriousness, and the circumstances in this case which is considered more egregious than circumstances, other circumstances of cases involving similar charges. Additionally in this case, the victim was particularly vulnerable. Additionally, the defendant betrayed a position of trust that had developed between himself and the six-year-old victim." In imposing the upper term, the court found that the balance of factors in aggregation outweighed those in mitigation. Specifically, the court considered that the victim was "particularly vulnerable," "the manner in which the crime was committed indicate[d] planning and some sophistication," and "defendant took advantage of a position of trust or confidence." In mitigation, the court noted defendant had a minimal prior criminal record and his prior performance on probation was satisfactory.

4

Defendant filed a timely notice of appeal and requested but did not obtain a certificate of probable cause.

## II. DISCUSSION

*A.* *Denial of Probation*

Defendant contends the trial court abused its discretion in denying his request for probation. He recognizes that he was ineligible for probation unless the court found unusual circumstances but argues such circumstances are present here. We disagree.

"Except in unusual cases in which the interests of justice would best be served if the person is granted probation, probation shall not be granted to . . . [¶] . . . [¶] [a]ny person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony." (§ 1203, subd. (e)(4).) California Rules of Court, rule 4.413(c) sets forth the factors which may indicate an "unusual case" in which probation may be granted. One such factor is where there is a circumstance, not amounting to a defense, that reduces the defendant's culpability, including: (1) there was a great provocation, coercion, or duress *and* the defendant has no record of committing crimes of violence; (2) the crime was committed because of a reduced mental condition not amounting to a defense; or (3) the defendant is youthful or aged and has no significant record of prior criminal offenses. (Cal. Rules of Court, rule 4.413(c)(2).) These factors are indicators the trial court *may* use to find the case unusual, but it is not required to do so. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178 (*Stuart*).) If the court determines presumptive ineligibility is overcome, that is not the end of the inquiry; the court must still decide whether to grant probation based on the criteria in California Rules of Court, rule 4.414. (*Stuart, supra*, at p. 178.)

The defendant bears a heavy burden when attempting to show an abuse of discretion. (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) "In reviewing [a trial court's determination whether to grant or deny probation,] it is not our function to

5

substitute our judgment for that of the trial court. Our function is to determine whether the trial court's order granting [or denying] probation is arbitrary or capricious or exceeds the bounds of reason considering all the facts and circumstances." (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 825 (*Du*).)

Here, defendant claims the trial court erred in denying him probation but does not explain which of the factors overcoming presumptive ineligibility applies to him. Even if the trial court erred in concluding that defendant's case did not fall within *any* of the "unusual case" factors, the court was not required to find presumptive ineligibility has been overcome based on any one factor. (See *Stuart, supra*, 156 Cal.App.4th at p. 178 [The trial court may but is not required to find the case is unusual just because circumstances listed in the rule have been established].) Further, defendant was not prejudiced because the court expressly stated it would deny probation even if defendant was eligible. Defendant asserts that the court's finding that there was planning is not supported by the record. We disagree. The stipulated factual basis for the plea and the probation report reveal that defendant gained Jane Doe's trust by quickly becoming a father figure and took advantage of at least one time when he was left alone with Jane Doe and lured her with a claim he was going to give her milk. In the probation report, Jane Doe recited multiple uncharged acts of molestation perpetrated by defendant during the short period of a few months he was living in her home. This was evidence of planning, and the court was well within its discretion to deny probation based on the seriousness and manner of the offense, even if defendant was not presumptively ineligible for probation. (See Cal. Rules of Court, rule 4.414(a)(1).) Accordingly, defendant has failed to show the trial court's decision was arbitrary, capricious, or exceeded the bounds of reason under the circumstances of this case. (See *Du, supra*, 5 Cal.App.4th at p. 825.)

6

*B.      Sentence Imposed*

Prior to the passage of Senate Bill 567, defendant contended the trial court abused its discretion by imposing the upper term. We need not reach the merits of this argument in light of Senate Bill 567.

After we filed our original opinion in this matter, the Governor signed into law Senate Bill 567. In supplemental briefing, defendant contends that this case must be remanded for resentencing in light of Senate Bill 567, which amended section 1170 to limit the trial court's discretion to impose an upper term unless specified circumstances exist. (§ 1170, subd. (b)(1)-(2).) Following Senate Bill 567, a trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense." (§ 1170, subd. (b)(2).) In his supplemental briefs, defendant argues this matter must be remanded for resentencing so the trial court may reconsider its sentencing decisions under the rubric of the new legislation.

The People correctly concede the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308.) Under established law, we "assume, absent evidence to the contrary, that the Legislature intended an 'amended statute to

7

apply to all defendants whose judgments are not yet final on the statute's operative date.' " (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341.) "For the purpose of determining the retroactive application of an amendment to a criminal statute, the finality of a judgment is extended until the time has passed for petitioning for a writ of certiorari in the United States Supreme Court." (*Id.* at pp. 341-342, citing *People v. Vieira* (2005) 35 Cal.4th 264, 305-306.)

The People contend, however, that any error was harmless because "the probation report provided undisputed evidence of each of the aggravating circumstances that the trial court relied upon such that a jury would have found each circumstance to be true beyond a reasonable doubt." (Fn. omitted.) On the record before us, we cannot conclude that any error was harmless beyond a reasonable doubt. It is too speculative to conclude the jury would have found these factors beyond a reasonable doubt and the court would have reached the same conclusion given the dramatic changes in the determinate sentencing scheme. We agree with defendant that the case should be remanded for resentencing under the new provisions in section 1170, subdivision (b). Because the Legislature made comprehensive changes to the sentencing scheme and it is not clear the factors relied upon by the trial court would have been found true beyond a reasonable doubt, we will remand for resentencing consistent with the new statutory scheme. (§ 1170, subd. (b)(1), (2); Stats. 2021, ch. 731, § 1.3.) On remand, the trial court will also have the opportunity to consider whether the "aggravating circumstances outweigh[ed] the mitigating circumstances" such that "imposition of the lower term would be contrary to the interests of justice," or whether to impose a lower term if any specified mitigating factors were found to be "a contributing factor in the commission of the offense[s]." (§ 1170, subd. (b)(6); Stats 2021, ch. 731, § 3.)

Accordingly, defendant's eight-year upper term sentence must be vacated under section 1170, subdivision (b), and the matter must be remanded for resentencing. Upon remand, the trial court may revisit its prior sentencing decisions in light of new

8

legislation, including, but not limited to, Senate Bill 567. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"]; accord, *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

## III. DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for resentencing pursuant to section 1170, subdivision (b)(2). In all other respects, the judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BLEASE, Acting P. J.

/S/

_____

ROBIE, J.